LEWIS v. POEL.

1. APPEAL AND ERROR—MOTION TO DISMISS.
    The Supreme Court must accept as true well-pleaded allegations
    of bill of complaint on plaintiff's appeal from order granting
    defendants' motion to dismiss.

2. PLEADING—LACHES—MOTION TO DISMISS.
    Laches is an affirmative defense which depends not merely on lapse
    of time but principally on the requisite of intervening circum-
    stances which would render inequitable any grant of relief to
    the dilatory plaintiff, and was not available on motion to
    dismiss under former court rule (Court Rule No 18, § 1 [1945]).

3. SAME—MOTION TO DISMISS—ESTOPPEL—WAIVER—ASSIGNMENT.
    Estoppel, waiver, and invalidity of pleaded assignment were not
    defenses available on motion to dismiss under former court
    rule (Court Rule No 18, § 1 [1945]).

4. SAME—MOTION TO DISMISS—RES JUDICATA.
    Former adjudication was available as a basis for motion to
    dismiss under former court rule but required a supporting
    affidavit (Court Rule No 18, § 1 [1945]).

5. JUDGMENT—PROBATE COURT ORDERS—FRAUD.
    Probate court orders may be attacked for fraud.

6. ACCOUNTING—PROBATE COURT ORDERS—FRAUD.
    Plaintiff, assignee of one who was a minor when certain probate
    court orders in 3 different estates were alleged to have been
    entered in actual or constructive fraud of such minor's then

REFERENCES FOR POINTS IN HEADNOTES
[1]  5 Am Jur 2d, Appeal and Error § 879.
[2]  17 Am Jur, Dismissal, Discontinuance and Nonsuit §§ 68, 78.
[3]  17 Am Jur, Dismissal, Discontinuance and Nonsuit § 61.
[4]  30A Am Jur, Judgments § 448.
[5]  30A Am Jur, Judgments § 758.
[6]  1 Am Jur 2d, Accounts and Accounting §§ 55, 61.

rights in the premises, *held,* entitled to a fair hearing on the merits in suit for accounting and other specified relief, also of the affirmative defenses as pleaded, where various bases for motion to dismiss had either not been permitted or, if permitted, not supported by affidavit as then required by pertinent court rule (Court Rule No 18, § 1 [1945]).

Appeal from Kent, Hoffius (Stuart), J. Submitted June 3, 1965. (Calendar No. 3, Docket No. 50,497.) Decided July 13, 1965.

Bill by Alphonse Lewis, Jr., assignee of Patricia Ettress, against Frederick W. Poel, Jr., Margaret M. Poel, and Rosalind Bolt Larson, assignee of Menso R. Bolt, to account for the distribution of estates which had been probated by defendants. Defendants' motion to dismiss granted. Plaintiff appeals. Reversed.

*Alphonse Lewis, Jr., in propria persona.*

*Frederick W. Poel, Jr.,* for defendants.

Per Curiam. Plaintiff's bill of complaint was filed in June of 1962. It was dismissed on motion of defendants. This appeal followed.

The bill states what at present this Court must accept as true. It proceeds with sufficient if not artful allegation that the primary defendants, some as fiduciaries, some as attorneys representing fiduciaries and some as parties in interest, cooperated for personal profit in the mismanagement of 3 estates, which estates according to the record thereof were probated and closed in Kent county; that such mismanagement was perpetrated secretly at expense of one or more of the estates and to the detriment of a then minor beneficiary of each estate; that the actions of the said defendants in such regard constituted an actionable fraud upon said minor bene-

ficiary and that said beneficiary, having attained majority age, duly assigned to plaintiff the right of action thus pleaded. The bill concludes with allegation, the charging part of the bill considered, that plaintiff is entitled to an accounting and to other specified relief as against the said defendants.

Defendants' motion to dismiss assigned estoppel, laches, waiver, former adjudication by virtue of final probate orders, and invalidity of plaintiff's pleaded assignment. As indicated above the motion was granted, principally on ground of laches.

The bill stated an equitable case. Laches, an affirmative defense which depends not on mere lapse of time but principally on the requisite of intervening circumstances which would render inequitable any grant of relief to the dilatory plaintiff (*Kelley* v. *Hoogerhyde,* 314 Mich 37; *Plasger* v. *Leonard,* 316 Mich 174), was not available as ground for dismissal thereof. Nor were any of the other assigned reasons for dismissal, save that of former adjudication. See former Court Rule 18, § 1(e).[1]

As for the defense of bar by former adjudication, no showing upon affidavit or otherwise was made in support per requirement of such former rule. So there is—thus far—nothing of record which might lead a court of equity to rule that plaintiff's assignor, then a minor, became bound by any order of the probate court barring the cause for actual or constructive fraud her assignee has pleaded. That probate orders may be attacked for fraud was settled as far back as *Ewing* v. *Lamphere,* 147 Mich 659, 663.[2]

We do not decide whether, under current court rules, a properly prepared, duly supported, and legally unmet motion for summary judgment should be granted as against this bill. As against defendants' said motion to dismiss, plaintiff was entitled

---

[1] For current provision see GCR 1963, 116.1.—REPORTER.

[2] For additional authorities, see *Grigg* v. *Hanna,* 283 Mich 443, 456.

to a fair hearing of the merits; also of the affirmative defenses as pleaded.

Reversed and remanded for entry of order denying motion to dismiss. Costs on appeal to plaintiff.

T. M. KAVANAGH, C. J., and DETHMERS, KELLY, BLACK, SOURIS, SMITH, O'HARA, and ADAMS, JJ., concurred.