### SLOAN v. SILBERSTEIN.

1. TRUSTS—ANNUAL ACCOUNTING—TRUSTEE—BREACH OF DUTY.
   Trustee was guilty of a breach of duty where he failed to render an annual written accounting to the beneficiaries, which duty was required by the will creating the trust and by statute (CL 1948, § 704.38).

2. SAME—DUTIES OF TRUSTEE—ADMINISTRATION OF TRUST.
   The trustee owes a duty of ordinary skill and diligence in the administration of the affairs of the trust.

3. SAME—DUTIES OF TRUSTEE—LOYALTY TO BENEFICIARIES.
   Trustee owes complete loyalty to the interest of the beneficiaries.

4. SAME—TRUSTEE—DEALINGS WITH BENEFICIARIES.
   A trustee owes a duty to show good faith and fair play in direct dealings with the beneficiaries of trust.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 20] 54 Am Jur, Trusts § 497.
[2] 54 Am Jur, Trusts § 321.
[3] 54 Am Jur, Trusts § 311.
[4] 54 Am Jur, Trusts § 318.
[5] 54 Am Jur, Trusts § 311 et seq.
[6] 54 Am Jur, Trusts § 219.
[7–9, 22] 54 Am Jur, Trusts § 218 et seq.
[10] 34 Am Jur, Limitation of Actions §§ 107, 175.
[11] 54 Am Jur, Trusts § 579.
[12] 34 Am Jur, Limitation of Actions § 5.
[13] 19 Am Jur, Equity § 490.
[14–16] 19 Am Jur, Equity §§ 496, 497.
   34 Am Jur, Limitation of Actions § 5.
[17] 54 Am Jur, Trusts §§ 336, 578, 579.
   Beneficiary's consent to, acquiescence in, or ratification of, trustee's improper allocation or distribution of assets. 29 ALR2d 1034.
[18] 54 Am Jur, Trusts § 578.
[19] 54 Am Jur, Trusts §§ 218, 578, 579.
[21] 54 Am Jur, Trusts § 538.
   Compensation of trustee as affected by neglect or violation of his duties. 110 ALR 566.
[23] 5 Am Jur 2d, Appeal and Error § 974.
[24] 54 Am Jur, Trusts § 300.
[25] 5 Am Jur 2d, Appeal and Error § 1014.

5. SAME—TRUSTEE—TRUST PROPERTY—ILLEGAL PROFIT—TRUST PURPOSES.

Trustee may at no time use or deal with trust property for his own profit or for any other purpose unconnected with the trust (CL 1948, § 704.37).

6. SAME—CONSTRUCTIVE FRAUD—BREACH OF DUTY—UNJUST ENRICHMENT.

Nondisclosure by trustee of material facts relating to the purchase of debentures, issued by a corporation of which he was president and a principal stockholder, with trust funds, coupled with his breach of duties imposed upon him by terms of will creating the trust, statutory and case law, and his retention of unmerited benefits, constitute constructive fraud in which plaintiffs were deceived and defendant appellant was unjustly enriched (CL 1948, §§ 704.37, 704.38).

7. SAME—CONSTRUCTIVE TRUST—BREACH OF TRUST.

Constructive trust was properly imposed upon stock or proceeds from stock which fiduciary wrongfully derived from his breach of trust.

8. SAME—CONSTRUCTIVE TRUSTS—BREACH OF TRUST.

Courts will impose a constructive trust whenever a person clothed with a fiduciary character gains some personal advantage by availing himself of his situation as trustee and breaches his trust.

9. SAME—BREACH OF TRUST—EQUITY.

Equity will hold for the benefit of the *cestui que trust* that which the trustee has acquired through the medium of the trust by a breach thereof, no matter how good a legal title the trustee may have.

10. LIMITATION OF ACTIONS—BREACH OF EXPRESS TRUST—EQUITY.

The statute of limitations in effect did not apply to litigation based on breach of an express trust, where the breach of trust occurred prior to the effective date of the revised judicature act (CLS 1961, §§ 600.5815, 600.5869).

11. TRUSTS—LACHES—ACTIONS—BREACH OF TRUST.

Plaintiff beneficiary was not guilty of laches, or wanting in diligence in prosecuting her right of action against appellant fiduciary, where the breach of trust occurred on June 1, 1946, she did not have knowledge of breach until 1957 and the suit was commenced in August, 1959.

12. EQUITY—LACHES—LIMITATION OF ACTIONS.

Laches differs from limitations in that limitations are concerned with the *fact* of delay, laches with the *effect* of delay.

13. SAME—LACHES—ENFORCEMENT OF CLAIMS.

Laches is concerned primarily with the question of the inequity of permitting a claim to be enforced and depends on whether plaintiff has been wanting in due diligence.

14. SAME—LACHES—LIMITATIONS OF ACTIONS.

Limitations are statutory, while laches is not.

15. SAME—LACHES—LAW—LIMITATION OF ACTIONS.

Laches applies only in equity, while in Michigan prior to January 1, 1963, limitations applied only at law (CLS 1961, § 600.5815).

16. SAME—LACHES—LIMITATIONS OF ACTIONS.

Limitations are based on fixed time, while laches is not.

17. TRUSTS—BENEFICIARIES—BREACH OF TRUST—CONSENT—NOTICE—LACHES—ESTOPPEL.

Claims of beneficiaries of a trust against trustee for breach of trust are barred by laches and estoppel, where they had actual or constructive knowledge of the breach several years prior to the inception of the suit, and where they consented to the allowance of each of several annual accounts which were inconsistent with the asserted claim.

18. SAME—TRUSTEE—BENEFICIARIES—BREACH OF TRUST—ESTOPPEL.

Claim of plaintiff in behalf of trustee who is also beneficiary of trust is estopped by his act and conduct in causing the breach of which complaint is made.

19. JUDGMENT — CONSTRUCTIVE TRUSTS — UNJUST ENRICHMENT — LACHES — ESTOPPEL.

Judgment of lower court, which required defendant, who profited from breach of duty to trust while serving as trustee, to pay over to the current trustee all the fruits of the breach as a constructive trust, is modified and the amount to be paid over is reduced by portion of the claim of beneficiaries barred by laches and estoppel.

20. SAME—ANNUAL ACCOUNTS—TRUSTS.

Annual accounts rendered by the various trustees in the court below are allowed and approved, except as modified because of dereliction of trustee who breached his trust.

21. SAME—MANAGEMENT FEES—TRUSTEES' FEES—CLAIMS.

All claims for additional management fees and trustees' fees are denied, where trustee breached trust by failing to file annual accounts and by investing trust funds in debentures issued by corporation in which he was 1 of 2 principal stockholders and its president.

22. SAME—ANNUAL ACCOUNTS—CONSTRUCTIVE TRUST.

Allowance and approval of various annual accounts *held,* not to deprive any beneficiary of the trust of the right to receive distribution of constructive trust paid into testamentary trust by trustee who breached the trust.

23. APPEAL AND ERROR—REMAND—JURISDICTION—ENFORCEMENT—RE-IMBURSEMENT—COMPENSATION.

Trial court, on remand, is specifically ordered to retain jurisdiction of suit to impose a constructive trust upon proceeds of acquisitions by trustee who breached trust for enforcement of future orders, to hear and determine rights of plaintiffs and guardians *ad litem* for reimbursement and compensation, and for other matters properly brought before the trial court.

24. TRUSTS—BREACH OF TRUST—MEASURE OF LIABILITY—EVIDENCE.

Measure of liability of trustee who breached trust in acquiring debentures issued by corporation of which he was president and a principal stockholder is limited to stock acquired by reason of purchase of the debentures rather than stock otherwise purchased by him under evidence adduced.

25. COSTS—TRUSTS—NEITHER PARTY PREVAILING IN FULL.

No costs are allowed on defendant's appeal or on plaintiffs' cross-appeal in action for breach of duty by trustee upon affirmance in part and reversal as to part of lower court judgment, as neither party has prevailed in full.

Appeal from Wayne; Sullivan (Joseph A.), J. Submitted Division 1 December 8, 1965, at Detroit. (Docket No. 672.) Decided April 12, 1966. Rehearings denied July 27, 1966.

Bill of complaint by Hattie S. Sloan and others against Ben L. Silberstein and others for an accounting of the assets of an express trust of which defendants were trustees and to impress a constructive trust on all the stock owned by defendant Ben L. Silberstein in National Building Corporation

allegedly improperly acquired by defendant's improper use of trust funds. Counterclaim by defendants to allow annual accountings of trust fund. Judgment for plaintiffs. Defendant Silberstein appeals and plaintiffs cross-appeal claiming that the constructive trust was impressed on the wrong amount of stock. Judgment for Hattie S. Sloan modified and affirmed. Judgment for all other beneficiaries reversed and the cause remanded to the lower court for further proceedings.

*Wunsch, Aiken & Lungerhausen* (*Harry M. Nayer* and *Chris M. Youngjohn,* of counsel), for plaintiffs.

*George E. Brand, Jr.,* for defendant Ben L. Silberstein.

WATTS, P. J. This is a suit in equity brought by Hattie S. Sloan and others against Ben L. Silberstein and Robert Silberstein, individually and as trustees, and Irwin I. Cohn, as executor of the estates of Harry and Joseph Silberstein. Plaintiffs seek an accounting of all real and personal property of the Mary Silberstein trust and the impressing of a constructive trust on all stock of the National Building Corporation owned by Ben L. Silberstein, hereinafter referred to as appellant, or on the proceeds of the stock, said constructive trust being for the benefit of the plaintiffs and all the other beneficiaries of the express trust created in the will of Mary Silberstein. Judgment was entered for the plaintiffs against the appellant, who filed a claim of appeal in the lower court on March 25, 1965. On April 9, 1965, the plaintiffs filed a cross appeal. On December 7, 1965, the Court of Appeals granted plaintiffs' motion to add Calvin C. Rock, current successor trustee, as party plaintiff.

On March 18, 1941, Mary Silberstein, the mother of Hattie S. Sloan, Gertrude Marks, Joseph, Harry, Ben L. and Robert Silberstein, died. Her will was probated in Wayne county. On December 15, 1943, trustees qualified under the Mary Silberstein express trust, which left the entire residuary estate in trust, the income to be paid in equal shares to her 6 children during their lifetime, the corpus to their issue, the remainder beneficiaries.

Joseph and Harry Silberstein were appointed cotrustees of the family trust. Joseph died March 25, 1946. Harry was the sole trustee from March 23, 1946 to May 6, 1946, on which day appellant was appointed cotrustee. Harry died February 28, 1955. Appellant was the sole trustee from February 28, 1955, to March 31, 1955, when Robert Silberstein was appointed cotrustee. Appellant and Robert Silberstein served as cotrustees until June, 1960, when appellant resigned. Robert Silberstein and the National Bank of Detroit served as cotrustees until December 3, 1962, when Calvin C. Rock was appointed and qualified successor trustee.

On March 7, 1946, appellant, one of the beneficiaries of the trust, received information from Edwin Gage that the National Bank Building could be purchased from the First Liquidation Corporation for $6,000,000 cash. On March 13, 1946, appellant and associates submitted a written offer to purchase the bank building for $5,900,000 cash. A deposit of $100,000 accompanied the offer to purchase and an additional $150,000 was deposited upon acceptance of the purchase offer (March 16, 1946). The total deposit of $250,000 was to be forfeited if the remainder of the entire $5,900,000 purchase price were not paid within 3 months after delivery of abstract of title. Jason Honigman and family furnished $125,000 of the deposit money, appellant

$62,500 (which money was loaned to him by Harry Galperin), and $62,500 by Harry Galperin.

A mortgage on the property was acquired for $5,000,000. The total amount to be raised by the sale of debentures and common stock was $1,000,-000: $900,000 was to be raised by the sale of debentures; $100,000 by the sale of common stock. This left a balance of $100,000 in reserve over the purchase price of $5,900,000. The record indicates that to facilitate the raising of this amount of money within a relatively short period, the privilege of purchasing common stock was generally extended to those who bought debentures.

On May 9, 1946, the National Building Corporation filed articles of incorporation in Lansing, and on May 16th these were put on file in Wayne county. Appellant was a principal stockholder, its director and president. He became cotrustee of the Mary Silberstein trust on May 6, 1946.

On May 24, 1946, appellant and Harry Silberstein, cotrustee of the trust, issued a check in the amount of $50,000 payable to the National Building Corporation for the purchase of a National Building Corporation debenture or promissory note.

On June 1, 1946, the corporation delivered its $50,000 debenture or promissory note, bearing 6% interest and signed by appellant, the president of the corporation, payable to himself and Harry Silberstein, cotrustees of the Mary Silberstein trust. On the same day, appellant *personally* signed an agreement to purchase the debenture or promissory note held by the trust within 60 days of demand. Approximately 2 years later, the debenture or promissory note was redeemed by the corporation and the trust received payment of $50,000 plus interest.

In 1954 and 1955 when rumors came to the attention of Hattie S. Sloan of the possible misuse of

trust assets, she hired an accountant to audit the books. The audit was completed in 1957, and Hattie S. Sloan subsequently brought suit in chancery in 1959.

Hattie S. Sloan alleged that defendant trustees improperly and fraudulently advanced funds from the trust to themselves for their own use. She sought that a constructive trust be placed on all the stock of the National Building Corporation owned by appellant, or the proceeds of the said stock, and that an accounting be had of all the assets of the trust.

Plaintiffs seek to impress a constructive trust upon certain assets acquired by appellant during his administration of the trust.

Appellant denies that he was guilty of a breach of trust and claims that plaintiff Hattie S. Sloan had knowledge of, acquiesced in, and consented to the purchase of National Building Corporation debentures.

More specifically, *the plaintiffs claim:*

On or about June 1, 1946, the defendant, Ben L. Silberstein, caused the trust to purchase a $50,000 promissory note of National Building Corporation. Said defendant was the principal promoter and one of the incorporators of this corporation. Pursuant to his agreement with the other promoters, said defendant was obligated to raise approximately $406,875 for the new corporation, and upon fulfilling this obligation said defendant or persons named by him became entitled to receive approximately 39,375 shares of the common stock of said corporation.

As a direct result of the use of trust funds for the purchase of such promissory notes of said corporation, the defendant acquired the right to receive approximately 7,633 shares of common stock of National Building Corporation, which shares were acquired by him in his own name. The plaintiffs

claim that these shares were acquired by said defendant without their knowledge or consent and without disclosure by said defendant of his interest in said corporation or his rights and obligations in connection with the financing of said corporation.

The plaintiffs seek on behalf of the trust to impose a constructive trust upon 7,633 shares of said common stock acquired by said defendant or upon the proceeds of such shares or to surcharge said defendant for the value of said shares. The plaintiffs also contend that they are entitled to an accounting of the benefits accruing to said defendant as a result of the ownership of such shares and to surcharge said defendant for dividends received by him thereon and for such other benefits as he may have received through such ownership.

*Defendant-appellant Ben L. Silberstein contends:*

The loan to National Building Corporation and the $50,000 note (a debenture) were not concealed. The transaction was discussed with, and approved by, the beneficiaries, was promptly entered upon the books and records of the trust and the debenture was inventoried in determining the distribution of trust property made in 1947 to the beneficiaries including plaintiff Hattie S. Sloan. The beneficiaries, including said plaintiff, also received 6% interest income from the debenture and the income was also reflected on the books and records. The debenture and the income therefrom were also reflected upon the current statements to the beneficiaries.

Availability of the funds loaned for future trust use was assured by the written agreement of appellant that he would personally purchase the note or debenture from the trust, upon demand and at the full unpaid balance plus accrued interest. Appellant's share of the trust income was then approximately $25,000 a year; he was also of independent means.

The debenture was purchased with idle funds borrowed before appellant became a trustee and which

were drawing approximately 2% interest in a savings account. By reason of the loan the funds produced 6%.

The note or debenture was partially repaid in 1947 and completely repaid by May, 1948. Interest at 6% was paid throughout. At no time since the repayment in 1948 has the trust had any funds loaned to, or risk in connection with, National Building Corporation. Since 1948 the trust has had the use of the $50,000 for other purposes. Even had an improper loan been made in 1946, or had a proper investment been omitted, the sole period to be considered is that when the loan made was outstanding.

Appellant did not "acquire the right to receive" or receive 7,633 shares, or any shares, of common stock of National Building Corporation "as a direct result of the use of trust funds for the purchase of such promissory notes". Appellant purchased from National Building Corporation his 16,825 shares of stock therein, paid the full price of $16,825 therefor, and so acquired his stock pursuant to his personal and individual right to do so.

The opportunity to purchase the National Building property and the right to invest in, and to permit others to invest in, the stock of the National Building Corporation were opportunities and rights of appellant. They arose, and were exercised by appellant, in March, 1946. In March, 1946, he was not a trustee and owed no duty to share his opportunities and rights with plaintiffs or with the trust and his interest in the building was not concealed.

The agreements between appellant and his associates as to who would purchase the stock of the National Building Corporation were all made both before he was a trustee and before any purchase of notes or debentures by the trust was considered. There were no agreements "with the other promoters" or otherwise that any stock in National Building Corporation would be offered to, or sold to, the trust. To the contrary, the agreements made required that appellant purchase and hold 16,825

shares that he did purchase, both to equalize stock-holdings and to retain control of the corporation. The agreement that he would raise $406,875 for the new corporation was tentative, was modified and was never put into effect; there was no agreement that said appellant or persons named by him would become entitled to receive 39,375 shares of stock.

The suggestion that the trust loan $50,000 to National Building Corporation was made in April, 1946, by Harry Silberstein. Harry Silberstein was then sole trustee, Joseph having died and appellant not having been appointed. Purchase of common stock by the trust was never suggested or considered. The suggestion was agreed to before appellant became a trustee, upon the condition that all of the beneficiaries approve and upon the report of Harry that they had so approved. The fact that appellant had purchased the National Building property was well known at the time.

Appellant first became one of the cotrustees on May 6, 1946. As cotrustee his only participation with respect to the loan and the note or debenture was in the ultimate disbursement and the receipt of the debenture on or about June 1, 1946.

The agreement to loan and the loan were made in good faith and for the best interests of the trust. The loan was profitable to the trust. Appellant owed no duty to offer any investment in common stock to the trust, none was ever offered, considered, or made, and any such investment would have been grossly improper and illegal. The Court should not now substitute its judgment for that of the trustees exercised in 1946 as to whether a speculative investment, rather than a safe loan should have been made.

The trial court found that the defendant breached his trust and made the following finding of fact:

"The evidence is undisputed in the case that at a time when defendant Ben Silberstein was a co-trustee of the Mary Silberstein estate, June 1, 1946,

he purchased $50,000 of debentures from the National Building Corporation without prior court approval and without notice by him directly to all of the beneficiaries of the estate—particularly Hattie Sloan, the principal plaintiff in this case. The record further shows, and this court finds the fact to be, that plaintiffs did not have notice, nor did they have full knowledge of the facts of the transaction in question until 1957.   *   *   *

"Notwithstanding this background, Ben Silberstein—the trustee—made no disclosure of the format or details of this plan to plaintiffs—and indeed the full picture of distribution of shares in proportion to debenture purchase was apparently not even known to some of the beneficiaries permitted to purchase shares."

No accounts were filed by the trustees with the probate court prior to April 17, 1959; on that date there were filed:

(a) The final account of Joseph Silberstein, former trustee for the period December 21, 1943, to March 25, 1946;

(b) The final account of Harry Silberstein, former trustee for the period December 21, 1943, to March 31, 1955;

(c) The first account of Ben L. Silberstein, trustee for the period May 6, 1946, to March 31, 1955;

(d) The second account of Robert and Ben L. Silberstein, trustees for the period March 31, 1955, to March 31, 1956;

(e) The third account of Robert and Ben L. Silberstein, trustees for the period April 1, 1956, to March 31, 1957; and

(f) The fourth account of Robert and Ben L. Silberstein, trustees for the period April 1, 1957, to March 31, 1958.

There is competent and sufficient testimony that the appellant did breach the duties imposed upon

him by the terms of the will of Mary Silberstein and the statutes of the State of Michigan, namely:

The tenth paragraph of the Mary Silberstein will required that the trustees render a written accounting and statement to the beneficiaries at least annually.

CL 1948, § 704.38 (Stat Ann 1962 Rev § 21.3178 [289]), reads in part as follows:

"Every fiduciary shall file at least once a year, or oftener if the court directs, a complete itemized accounting of all of his doings in the estate, showing in detail all of the receipts and disbursements and the property remaining in his hands."

CL 1948, § 704.37 (Stat Ann 1962 Rev § 27.3178 [288]), reads in part as follows:

"Every fiduciary entitled by law to make investments of property of the estate of which he is representative, shall keep the funds of the estate reasonably invested. Except as the court may expressly authorize, he may make only such investments as conform with the provisions of Act No 177 of the Public Acts of 1937,[1] and any amendments thereto or any investments expressly authorized by the will, or other instrument creating a trust. Except with the written approval of the probate court, a fiduciary of his personal capacity shall not engage in any transaction whatsoever with the estate which he represents, nor shall he invest estate funds in any company, corporation or association with which he is affiliated, other than as a bondholder or minority stockholder. A fiduciary in his personal capacity shall not personally derive any profit from the purchase, sale or transfer of any property of said estate."

We have reviewed *de novo* the record in the instant case in its entirety and find it to be extensive,

---

[1] CL 1948 and CLS 1961, § 555.201 *et seq.* (Stat Ann 1957 Rev § 26.85 *et seq.*)

comprehensive, and most thoroughly prepared as to all the parties within the jurisdiction of this Court. We find no inequities with the exception of the purchase of National Building Corporation debenture, which is the principal issue in this suit by the plaintiffs to restore to the *cestui que trust* the fruits or profits realized by the appellant as a result of certain alleged self-dealing by him when he was cotrustee of the Mary Silberstein trust and promoter, president, director, and 1 of 2 principal stockholders of the National Building Corporation, a. mere conduit for the transaction of his own private business.

*The issues in the main are:*

Does the record support plaintiffs' allegations of fraud?

May a constructive trust be impressed on the profit wrongfully derived by a testamentary trustee from a breach of trust?

Are the claims of the plaintiff Hattie S. Sloan and other beneficiaries of the Mary Silberstein trust barred by laches, estoppel, and the statute of limitations?

In general, the trustee owes a duty of ordinary skill and diligence in the administration of the affairs of the trust, complete loyalty to the interest of the *cestui que trust,* to show good faith and fair play in direct dealing with the beneficiaries of the trust, and at no time may he use or deal with trust property for his own profit or for any other purpose unconnected with the trust.

The nondisclosure by cotrustee, the appellant, of material facts relating to the purchase of said debenture, coupled with his breach of duties imposed upon him by the terms of the Mary Silberstein will, the statutory and case law, and his retention of

unmerited benefits, constitutes constructive fraud in which plaintiffs were deceived and appellant unjustly enriched.

The record substantiates the imposition of a constructive trust on stock or proceeds from stock of the appellant wrongfully derived from his breach of trust. *Nelson* v. *Woodworth* (1961), 363 Mich 244; *Kent* v. *Klein* (1958), 352 Mich 652; *Mackey* v. *Baker* (1950), 327 Mich 57; *Goodrich* v. *Waller* (1946), 314 Mich 456; *Burgess* v. *Jackson Circuit Judge* (1930), 249 Mich 558.

In *Stephenson* v. *Golden* (1937), 279 Mich 710, 738, Lewin on Trusts (13th ed), p 191, is cited with approval as follows:

"A constructive trust is raised by a court of equity wherever a person, clothed with a fiduciary character, gains some personal advantage by availing himself of his situation as trustee; for as it is impossible that a trustee should be allowed to make a profit by his office, it follows that so soon as the advantage in question is shown to have been acquired through the medium of a trust, the trustee, however good a legal title he may have, will be decreed in equity to hold for the benefit of his *cestui que trust.*"

Plaintiff Hattie S. Sloan requested that the constructive trust be placed on all the stock of the National Building Corporation owned by appellant or on the proceeds of the said stock, the constructive trust to be for the benefit of plaintiff Hattie S. Sloan and all other beneficiaries of the trust created in the will of Mary Silberstein.

Appellant contends that the plaintiffs' claims are barred by laches, estoppel, and the statute of limitations.

The statutes of limitations as enacted in some States apply by force of their own terms to suits for equitable relief and to actions at law.

The Michigan statute, CLS 1961, § 600.5815 (Stat Ann 1962 Rev § 27A.5815), effective January 1, 1963, reads as follows:

"The prescribed period of limitations shall apply equally to all actions whether equitable or legal relief is sought. The equitable doctrine of laches shall also apply in actions where equitable relief is sought."

CLS 1961, § 600.5869 (Stat Ann 1962 Rev § 27A-.5869), effective January 1, 1963, reads as follows:

"All actions and rights shall be governed and determined according to the law under which the right accrued, in respect to the limitations of such actions or right of entry."

In the instant case, the breach of trust occurred on June 1, 1946, but plaintiff Hattie S. Sloan did not have knowledge of the said breach of trust until the year 1957. The present litigation was commenced on August 12, 1959; therefore, the statute of limitations in effect at that time did not apply. *Bolt* v. *Hackley National Bank* (1929), 246 Mich 1; *Roemelmeyer* v. *Roemelmeyer's Estate* (1922), 219 Mich 322; *In re Sellman's Estate* (1913), 175 Mich 700.

In regard to the defense of laches, the trial court found as a fact that the plaintiff Hattie S. Sloan was not guilty of laches. The court's findings of fact in this respect are as follows:·

"There is no convincing proof in the record in this case that the plaintiff, Hattie Sloan, had actual or constructive knowledge of the details of the National Building Corporation transaction upon which she could make an intelligent judgment that either she or the estate had been injured by the manner in which this transaction was executed until 1957 when she got her accountant's report. The first

indication in the record that something might be amiss in the estate (and this would seem to fall considerably short of knowledge or information placing plaintiff Hattie Sloan upon inquiry) was in late 1954 or early 1955. How early in 1955 is not disclosed by the record. The record does disclose that Harry Silberstein, Hattie's brother and cotrustee, who conveyed the message that all might not be well with the estate, died February 28, 1955. It can hardly be seriously argued therefore that the plaintiff should have commenced her suit between 'early 1955' and February 28, 1955 when Harry died, and that failure to do so constitutes laches. This is the only 'change of circumstances' defendants can point to and it obviously is not a convincing one— even if she had 'knowledge.' "

While laches is similar to statutory limitations, there is a substantial difference between them. Laches differs from limitations in that limitations are concerned with the *fact* of delay, laches with the *effect* of delay. Laches is concerned principally with the question of the inequity of permitting a claim to be enforced and depends on whether plaintiff has been wanting in due diligence. Limitations are statutory, while laches is not. Laches applies only in equity, while limitations prior to January 1, 1963, apply only at law. Limitations are based on fixed time, while laches is not.

We find considerable merit to the contention of appellant Ben L. Silberstein that the claims asserted by Hattie S. Sloan in behalf of the other beneficiaries of the Mary Silberstein trust, namely: Arnold Silberstein, Joan Silberstein, and Richard Stevens, the children of Harry Silberstein, deceased; Robert Silberstein; and Ben L. Silberstein himself, are barred by laches and estoppel. The appellant's contention is substantiated by competent and sufficient testimony.

This Court does not have jurisdiction over the rights of Gertrude Marks, the remaining beneficiary, who is not a party to the instant litigation and is a resident of the State of New York.   It is noted that on April 17, 1959, she consented to the allowance of each of the annual accounts filed by the trustees in the probate court, which is inconsistent with the asserted claim.

The right of action of the 3 children of Harry Silberstein in the instant litigation stems from their father (Harry Silberstein, deceased), who on June 1, 1946, was a cotrustee of the Mary Silberstein trust, one of the original stockholders of the National Building Corporation, and a holder of National Building Corporation debentures.   On June 1, 1946, Harry Silberstein knew or should have known of the wrongdoings of appellant, cotrustee of the said trust.   On April 17, 1959, the children of Harry Silberstein consented to the allowance of each of the annual accounts filed by the trustees with the probate court, which is inconsistent with the asserted claim in the instant litigation.

On June 1, 1946, Robert Silberstein was one of the original stockholders of the National Building Corporation and a holder of National Building Corporation debentures.   He also consented to the allowance of each of the said annual accounts, which is inconsistent with the asserted claim in the instant case.   Robert Silberstein also had actual or constructive notice of the wrongdoings of the appellant on June 1, 1946.

Appellant is precluded by his act and conduct from benefiting from the asserted right of action in the instant case.

We agree with the trial judge when he held: (1) that appellant, cotrustee of the Mary Silberstein trust, breached his duty; (2) that plaintiff Hattie

S. Sloan was not wanting in diligence in prosecuting her right of action against appellant; and (3) that since June 1, 1946, appellant has held 5,000 shares of common stock of National Building Corporation, a Michigan corporation, and since January 1, 1964, he has held the proceeds realized therefrom upon the dissolution and complete liquidation of the said corporation as constructive trustee for the said trust created by the last will and testament of Mary Silberstein, deceased (Wayne county probate court file 287158).

The judgment of the trial judge shall be modified in accordance with the following findings of this Court:

1. The National Building Corporation has been dissolved and completely liquidated. Therefore, defendant Ben L. Silberstein shall pay or cause to be paid to Calvin C. Rock, current successor trustee, hereinafter referred to as said trustee, certain sums:

(a) The sum of $140,000 plus the statutory interest on said sum, this being the value of 1/5 of the said 5,000 shares of National Building Corporation common stock; less, however, $1,000 plus statutory interest (the amount paid by defendant Ben L. Silberstein for the said 1/5 of 5,000 shares of stock) less tax paid by the defendant Ben L. Silberstein on 1/5 of the said 5,000 shares of stock;

(b) All additional sums which have been or may be distributed with respect to 1/5 of the said 5,000 shares of National Building Corporation common stock, from the reserve fund of $6 per share, which was established at the time of this litigation for tax claims or other contingencies;

(c) Further, 1/5 of an additional sum of $7,000, being the aggregate of the dividends plus statutory interest, declared and paid on the said 5,000 shares of National Building Corporation common stock at

the rate of 10 cents per share from 1949 to and including June 22, 1964, the date of dissolution of the National Building Corporation; and

(d) And the sum of all other moneys to which the holder of a 1/5 interest of the said 5,000 shares of National Building Corporation common stock shall be lawfully and rightfully entitled.

2. All moneys paid to the said trustee as ordered and adjudged in paragraphs 1(a), 1(b), 1(c), and 1(d) of this opinion shall be for the benefit of Hattie S. Sloan, one of the surviving children of the late Mary Silberstein, and such other of her issue as may become entitled thereto in accordance with the provisions of the said will and testament of Mary Silberstein.

3. That except as modified by this opinion, the final accounts of Joseph Silberstein, trustee, and of Harry Silberstein, trustee; the first account of Ben L. Silberstein, trustee, for the period May 6, 1946, through March 31, 1955; and the second through seventh accounts of Robert Silberstein and Ben L. Silberstein, trustees, for the period April 1, 1955, through June 30, 1960, are each allowed and approved as stated; provided that all claims for additional management fees and for trustees' fees are hereby denied; and provided further that this allowance and approval of said accounts shall not in any way deprive any beneficiary of the Mary Silberstein trust of the right to receive distribution (in accordance with the provisions of the last will and testament of Mary Silberstein, deceased) of any part of the income from, or the principal of, the sums ordered and adjudged in paragraphs 1(a), 1(b), 1(c), and 1(d) of this opinion to be paid into the Mary Silberstein trust.

4. That, except as hereinabove ordered and adjudged, all other claims of plaintiffs and of defendants are dismissed, and plaintiffs and defendants shall take nothing as to any of such claims.

5. The trial court shall specifically retain jurisdiction over this action, the subject matter thereof, and the parties thereto:

(a) To enforce the provisions of this opinion and to enter any further orders or judgment in respect to the manner in which this opinion is to be carried out and satisfied;

(b) To hear and determine a motion or application by plaintiffs for reimbursement, out of the sums hereinabove ordered and adjudged to be paid into the principal of said trust;

(c) To hear and determine motions or applications for reasonable compensation for guardians *ad litem* in this action; and

(d) To hear and determine such other matters in respect of this opinion as may be properly brought before the trial court.

The plaintiffs, who are appellees and cross-appellants, contend that the trial court erred in determining the measure of liability of the appellant on the basis of 5,000 shares of stock of the National Building Corporation and that the testimony clearly indicates that the basis for measurement of liability should have been 7,620 shares of said stock.

We have examined the record repeatedly in reference to the measure of liability of appellant and find no merit to the said claim of plaintiffs on their cross appeal.

Affirmed in part with noted modifications. Reversed as to the claims of all beneficiaries except Hattie S. Sloan and her issue, namely, Robert, David, Daniel, Michael, Lisa, Heather, Steven, and

Joshua Sloan, minors, and Eugene Sloan, Richard
Sloan, Jerome Sloan, and Ronald Sloan, and such
other of her issue as there may be. Remanded to
the trial court for the required accounting and for
the entry of a decree not inconsistent herewith.
No costs, neither party having prevailed in full.

BURNS and J. H. GILLIS, JJ., concurred.