## SIETSEMA v FREMONT MUTUAL INSURANCE CO

1. INSURANCE—PROPERTY DAMAGE INSURANCE—RIGHTS OF PARTIES —TIME OF LOSS.

   The rights of the parties to a property damage insurance policy are fixed at the time of the loss of the property covered by the policy.

---

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 55 Am Jur, Vendor and Purchaser § 402 *et seq.*

2. INSURANCE—PROPERTY DAMAGE INSURANCE—LAND CONTRACT VENDOR—RESALE OF PROPERTY.

> A land contract vendor whose interest in the property sold was insured by a property damage insurance policy was not barred from recovering from the insurer for a loss covered by the policy where the vendor, subsequent to the loss, sold the property, after default of the land contract vendee, for a price higher than that due on the land contract, because the vendor's right to recovery was fixed at the time of the loss.

Appeal from Ottawa, Raymond L. Smith, J. Submitted Division 3 December 8, 1971, at Grand Rapids. (Docket No. 10988.) Decided February 24, 1972.

Complaint by Ralph and Celia Sietsema against Fremont Mutual Insurance Company for recovery under a property damage insurance policy. Judgment for the plaintiffs. Defendant appeals. Affirmed.

*James J. Napper,* for plaintiffs.

*Reber & Reber,* for defendant.

Before: R. B. BURNS, P. J., and FITZGERALD and V. J. BRENNAN, JJ.

V. J. BRENNAN, J. Plaintiffs, Ralph and Celia Sietsema, sold a parcel of farm property to Norman and Jean Field under a land contract dated May 29, 1964. The contract price was $18,000. The property included a house and barn which the buyers were compelled to insure pursuant to the following provisions of the land contract:

"5. The buyer shall obtain and keep in force fire and extended coverage insurance covering the buildings and improvements now or hereafter on the premises in the name of the seller with a loss

payable clause or other endorsement making the proceeds payable to the seller and buyer as their respective interests may appear, with insurers satisfactory to the seller in an amount not less than the balance owing under this contract, and shall deliver all such insurance policies to the seller with premium paid. The buyer may, at his option, separately insure his interest in said buildings and improvements, or, if he maintains insurance for more than the amount of the seller's interest, the buyer may cause his name to be inserted in the seller's policies as an additional insured.

"6. In case of loss or damage as a result of which said insurance proceeds are available, the buyer may, within 60 days of said loss or damage, give to the seller written notice of buyer's election to repair or rebuild the damaged parts of the premises, in which event said insurance proceeds shall be used for such purpose. The balance of said proceeds, if any, which remains after completion of said repairing or rebuilding, or the entire of said insurance proceeds if the buyer elects not to repair or rebuild, shall be applied first toward the satisfaction of any existing defaults under the terms of this contract and then as a prepayment upon the principal balance owing, and without penalty, notwithstanding other terms of paragraph two to the contrary. No such prepayment shall defer the time for payment of any remaining payments required by said paragraph two. Any surplus of said proceeds in excess of the balance owing hereon shall be paid to the buyer.

"7. In case of failure of the buyer to obtain, maintain, or deliver said policies of insurance or to pay taxes or special assessments payable by the buyer as above provided, the seller at his election may obtain such insurance and pay all premiums thereon and/or pay such taxes and special assessments, and the sums so expended by the seller shall be a lien on the premises and shall be secured thereby and

shall be payable by the buyer forthwith with interest at the rate of 7 per cent per annum."

In performance of this obligation, the buyers purchased a policy of insurance from the Fremont Mutual Insurance Company (defendant herein). This policy, among other provisions, insured the barn against damage by wind up to a maximum amount of $3,000. The buyers failed to renew the policy. Defendant notified plaintiffs of this fact by letter dated June 24, 1968, and informed plaintiffs that, pursuant to the terms of the policy, coverage of their interest would continue for ten days beginning with the date of the notice. The barn was destroyed by wind on June 29, 1968, within the ten-day grace period. On July 3, 1968, plaintiffs notified defendant of the loss and tendered payment for continuation of coverage, which payment was rejected.

Buyers then defaulted on the land contract and plaintiffs obtained a judgment against them on February 27, 1969; the buyers' redemption period expired on May 30, 1969.

Plaintiffs' attorney made a formal request for payment for the loss of the barn on March 5, 1969. This suit was filed on September 16, 1969.

The trial court found for plaintiffs, and defendant appeals. Defendant first argues that since plaintiffs subsequently resold the property for an amount greater than that due on the land contract at the time of the loss, they have in fact incurred no loss. We agree with the trial court that the rights of the parties were fixed at the time of the loss (*Booker T Theatre Co v Great American Ins Co of N Y*, 369 Mich 583 [1963]) and, therefore, plaintiffs' subsequent resale of the property is not a bar to recovery.

Defendant's second argument is that it was denied the right to pay the balance due under the

contract at the time of the loss and thus to be subrogated to plaintiffs' claim. The trial court correctly found that defendant failed to timely exercise this option.

Affirmed. Costs to appellees.

All concurred.