ROOT v REPUBLIC INSURANCE COMPANY

Docket No. 77-2067. Submitted February 14, 1978, at Lansing.—Decided April 4, 1978.

A. Z. Root and his wife Maritina Root sold a house to Michael Lea under a land contract, and Lea obtained a policy of fire insurance with Republic Insurance Company. The policy contained a "contract of sale" clause insuring the vendors' interest. The property was destroyed by fire, and an award was made by Republic to Lea. The Roots, upon notification from Lea's counsel regarding the award, filed a complaint against Republic seeking recovery of an amount representing the balance due on the land contract on the date of the fire. The Oakland Circuit Court, William J. Beer, J., granted the plaintiffs' motion for summary judgment, and Republic Insurance Company appeals. *Held:*

1. The plaintiffs were not required to file a proof of loss within 60 days of the loss pursuant to a policy provision because under the "contract of sale" provision the plaintiffs are made subject to any mortgage clause in the policy and are therefore to be treated as mortgagees, who are not, under the policy, required to file a proof of loss until they are notified of the loss by the defendant insurer.

2. The trial court did not err in holding that plaintiffs' action was not barred by laches, because plaintiffs were not notified that the defendant required affirmative action on their part until they received the notice from Lea's counsel and immediately thereafter sought relief.

3. The trial court's award of damages to plaintiffs based on the amount owing on the land contract on the date of the fire was proper.

4. On the facts of the case, the insurer is not entitled to subrogation or to an assignment of the land contract.

Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 44 Am Jur 2d, Insurance §§ 1652, 1721.
[2] 44 Am Jur 2d, Insurance §§ 1915, 1944.
[3] 44 Am Jur 2d, Insurance § 1652.
[4] 44 Am Jur 2d, Insurance §§ 687, 1721.

1. INSURANCE—VENDOR AND PURCHASER—CONTRACT OF SALE CLAUSE
   —MORTGAGE CLAUSE—PROOF OF LOSS.

> A contract of sale clause in a policy of fire insurance in which the
> vendee is the named insured which indicates that the vendor of
> the insured property is also insured subject to any mortgage
> clause in the policy should be interpreted so as to treat the
> vendor as a mortgagee; therefore, a suit by the vendor against
> the insurer is not barred by the vendor's failure to file a proof
> of loss where the policy does not require such filing by a
> mortgagee until he receives notification of the loss from the
> insurer.

2. EQUITY—LACHES—AFFIRMATIVE DEFENSE.

> Laches is an affirmative defense which depends not on mere lapse
> of time but principally on the requisite of intervening circum-
> stances which would render inequitable any grant of relief to a
> dilatory plaintiff; a trial judge did not err by finding that laches
> did not bar a plaintiff's action where the plaintiff was given no
> indication that the defendant required affirmative action by the
> plaintiff until the plaintiff had received a notification from the
> defendant and where upon receiving notification the plaintiff
> immediately sought relief.

3. INSURANCE—VENDOR AND PURCHASER—FIRE INSURANCE—RIGHTS
   OF PARTIES—LIABILITY TO LAND CONTRACT VENDOR.

> Generally, the rights of parties to a fire insurance policy are fixed
> as of the date of the fire, and an insurer's liability under a
> policy to a land contract vendor is not affected by the vendor's
> possible liability to the vendee for excess payment on the land
> contract.

4. INSURANCE—LAND CONTRACT—ASSIGNMENT OF CONTRACT.

> An insurer is not entitled to an assignment of a land contract on
> which it has been ordered to pay the balance due where the
> provision of the insurance policy under which such an assign-
> ment could be required applies only where the insurer claims
> "no liability existed"; such a provision has no application
> where the insurer has admitted liability.

*Allen C. Ingle,* for plaintiffs.

*Plunkett, Cooney, Rutt, Watters, Stanczyk &
Pedersen,* for defendant.

Before: DANHOF, C. J., and BRONSON and N. J.
LAMBROS,* JJ.

PER CURIAM. This appeal involves the liability of
the insurer of residential property to land contract
vendors under a fire insurance policy purchased by
a vendee which contains a "contract of sale"
clause insuring the vendors' interest.

Plaintiffs sold a house to Michael Lea under a
land contract. Lea obtained fire insurance with
defendant, Republic Insurance Company. This pol-
icy contained a "contract of sale" clause which
provided in part:

"A contract for sale of the property described in this
policy having been made between the insured and
Maritina Root, 26205 Powers Rd., Farmington Hills, MI
48024: T. H., the interest of said last named party is
also insured hereunder, but without any increase in the
amount of insurance, and subject to all other terms,
provisions and conditions of this policy, including any
Mortgage Clause forming a part of this policy."

The "standard mortgage clause" in the policy
provides in part:

"K. STANDARD MORTGAGE CLAUSE: Applies to
Building Items only; (but this entire clause is void
unless name of mortgagee or trustee is inserted on the
first page of this policy in space provided therefor):
"Loss or damage, if any, under this policy, shall be
payable to the mortgagee [or trustee], named on the
first page of this policy, as interest may appear, and
this insurance as to the interest of the mortgagee [or
trustee] only therein, shall not be invalidated by any
act or neglect of the mortgagor or owner of the within
described property, nor by any foreclosure or other
proceedings or notice of sale relating to the property,
nor by any change in the title or ownership of the

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

property, nor by the occupation of the premises for purposes more hazardous than are permitted by this policy; provided, that in case the mortgagor or owner shall neglect to pay any premium due under this policy, the mortgagee [or trustee] shall, on demand, pay the same."

No mortgagee or trustee appears in the space provided on the first page of the policy. The policy also defines the "mortgagee interests and obligations":

"If loss hereunder is made payable, in whole or in part, to a designated mortgagee not named herein as the insured, such interest in this policy may be cancelled by giving to such mortgagee a ten days' written notice of cancellation. If the insured fails to render proof of loss such mortgagee, upon notice, shall render proof of loss in the form herein specified within sixty (60) days thereafter and shall be subject to the provisions hereof relating to appraisal and time of payment and of bringing suit. If this Company shall claim that no liability existed as to the mortgagor or owner, it shall, to the extent of payment of loss to the mortgagee, be subrogated to all the mortgagee's rights of recovery, but without impairing mortgagee's right to sue; or it may pay off the mortgage debt and require an assignment thereof and of the mortgage. Other provisions relating to the interests and obligations of such mortgagee may be added hereto by agreement in writing."[1]

The property was destroyed by fire on May 2, 1975. Michael Lea filed a claim against Republic which eventually resulted in an award by an umpire-appraiser of $22,500, judgment for which was entered on March 12, 1976. On April 1, 1976, Republic's counsel wrote to the Roots, advising them that Lea's judgment would be satisfied within five days, unless the Roots objected. The

[1] *See* MCLA 500.2832; MSA 24.12832.

Roots had not filed a claim prior to receipt of this letter. On April 15, 1976, a check for $22,500 was delivered to Lea's counsel. Lea had continued to make payments on the land contract until April 2, 1976, reducing the balance due to $16,498.15. Lea is purportedly out of the jurisdiction and is not a party to this suit.

The Roots began the instant lawsuit on April 30, 1976, seeking recovery under the Republic policy in accordance with the contract of sale clause. The amount sought, $17,292.19 plus interest, represented the balance due on the land contract at the date of the fire.

Plaintiff's summary judgment motion[2] was granted by the lower court. Defendant appeals of right, raising four issues.

## I.

Defendant first argues that plaintiffs' suit was barred, relying on a provision of the policy which requires "the insured" to file a proof of loss within 60 days of the loss and another provision barring suit "unless all the requirements of this policy shall have been complied with". Plaintiffs respond that the contract of sale clause is expressly subject to "any mortgage clause forming a part" of the policy, and that under the "mortgagee interests and obligations" provision quoted above, the mortgagee is required to give proof of loss only upon notice by the insurer. No such notice was given in the instant case.

We hold that plaintiffs' interpretation of the contract of sale provision is the correct one. The plain language of the contract of sale clause indicates that plaintiffs-vendors are treated as mortgagees by making them subject to *any* mortgage

---

[2] The motion was based on GCR 117.2(2) and (3).

clause in the policy.[3] *Cf. Mundhenk v Liverpool & London & Globe Insurance Co, Ltd,* 311 Mich 571; 19 NW2d 103 (1945). See, also, *West v Farm Bureau Mutual Insurance Co of Michigan,* 63 Mich App 279; 234 NW2d 485 (1975). As such, proof of loss is required only upon notice. As no notice was given by the insurer, plaintiffs' suit is not barred by a failure to furnish proof of loss.

## II.

Defendant also asserts that plaintiffs' action was barred by laches.

Laches is "an affirmative defense which depends not on mere lapse of time but principally on the requisite of intervening circumstances which would render inequitable any grant of relief to the dilatory plaintiff". *Lewis v Poel,* 376 Mich 167, 169; 136 NW2d 7 (1965). In the case at bar, defendant knew of plaintiffs' interest by the terms of the contract of sale which was part of the policy. Plaintiffs were given no indication that defendant required affirmative action on their part until they received the April 1, 1976, letter. In light of facts asserted by plaintiffs that immediately upon receipt of the letter they sought a stay of judgment and also because suit was filed on April 30, 1976, we cannot say that the trial court erred in finding plaintiffs' action not barred by laches on defendant's summary judgment motion.

## III.

Defendant's next argument is that the trial court erred in awarding damages to plaintiffs

[3] This is true even though the "standard mortgage clause" does not, by its terms, apply, since no mortgagee is named on page one of the policy.

based on the balance due on the land contract at the date of the fire and not taking into account subsequent payments by Lea on the land contract.

Generally, the rights of the parties to a fire insurance policy are fixed as of the date of the fire. *Booker T Theatre Co v Great American Insurance Co,* 369 Mich 583; 120 NW2d 776 (1963), *Sietsema v Freemont Mutual Insurance Co,* 38 Mich App 582; 196 NW2d 841 (1972). Plaintiffs' possible liability to Lea for excess payment under the land contract does not affect defendant's liability to plaintiffs under the insurance contract.

## IV.

Finally, defendant argues that under the "mortgagee interests and obligations" provision quoted above, it may require an assignment of the land contract on which it has been ordered to pay the balance due. However, the provision relied upon applies only if the insurer claims "no liability *existed"* as to the mortgagor or owner. Here, the insurer admitted liability and proceeded through appraisal to fix the amount of liability. On the facts of this case, the insurer is not entitled to subrogation or an assignment.

Affirmed. Costs to appellees.