CITY OF HANCOCK v HUETER

Docket No. 59148. Submitted May 5, 1982, at Sault Ste. Marie.—
Decided August 25, 1982.

The City of Hancock brought an action against Doreen Hueter
and Ingrid H. Lynch seeking to enjoin defendants from using a
house as a three-family dwelling place, alleged to be a violation
of a zoning ordinance. The Houghton Circuit Court, Stephen D.
Condon, J., granted a directed verdict in favor of the defen-
dants at the closing of plaintiff's proofs. The house had been
used as a two-family dwelling in 1962, when the city enacted its
first zoning ordinance. Defendant Hueter purchased the house
in 1972 and renovated the basement, which has since been
continuously rented out, in addition to apartments on the main
floor and second floor. In 1976 the city enacted a new zoning
ordinance, under which it contends that maintaining the three
apartments in the house is no longer a valid nonconforming
use. The city appealed, alleging that maintaining the two
apartments in the dwelling was a nonconforming use under the
1962 ordinance and that that use could not be broadened. *Held:*

1. The city failed to carry its burden of proof. There was no
conclusive evidence that the house was located in a single-
family residential zone under the 1962 ordinance. Therefore,
the three-family use became a valid nonconforming use when
the 1976 ordinance went into effect.

2. The city is prevented from pursuing this action by the
doctrine of laches. The city was on notice in 1972 that the
house was being used as a three-family dwelling which it
considered to be a violation of the 1962 ordinance. The suit was
begun in 1980. Defendant Hueter would be prejudiced by
forcing her, at this time, to discontinue renting one of the
apartments. The trial court properly applied the doctrine of
laches.

Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 5 Am Jur 2d, Appeal and Error §§ 839, 966.
[3] 82 Am Jur 2d, Zoning and Planning § 181.
[4, 5] 59 Am Jur 2d, Parties § 162.
  Time within which right to intervene may be exercised. 37 ALR2d
    1306.

1. APPEAL — FINDINGS OF FACT — CLEAR ERROR — COURT RULES.

Findings of fact of a trial court sitting without a jury will be set aside only when clearly erroneous; a finding is "clearly errone-ous" when, although there is evidence to support it, the review-ing court on the entire evidence is left with the definite and firm conviction that a mistake has been 'committed, giving regard to the special opportunity of the trial court to judge the credibility of those witnesses who appeared before it (GCR 1963, 517.1).

2. APPEAL — FINDINGS OF FACT.

Findings of fact of a trial court sitting without a jury are adequate if the reviewing court can discern the controlling choices made by the trial court as between competing factual assertions.

3. ZONING — PRIOR NONCONFORMING USE.

A prior nonconforming use is a vested right to continue the lawful use of real estate in the manner in which it was used prior to the adoption of a zoning ordinance; even though the ordinance is reasonable, it cannot operate to oust the property owner of his vested right.

4. ACTIONS — DEFENSES — LACHES.

Laches is an affirmative defense which depends not merely upon the lapse of time but principally upon the requisite of interven-ing circumstances which would render inequitable any grant of relief to the dilatory plaintiff.

5. ACTIONS — DEFENSES — LACHES.

The successful assertion of a defense of laches requires a showing of a passage of time combined with some prejudice to the party asserting the defense.

*Mikkola & Hiltunen,* for plaintiff.

*Garfield W. Hood,* for defendant Hueter.

Before: R. B. BURNS, P.J., and J. H. GILLIS and V. J. BRENNAN, JJ.

V. J. BRENNAN, J. Plaintiff initiated suit seeking an injunction to restrain defendants from using a house as a three-family residential building which

plaintiff contended was an alleged violation of the 1976 Hancock City Zoning Ordinance. A bench trial was conducted on July 9, 1981. Following plaintiff's presentation of proofs, the trial court granted defendants' motion for a directed verdict. Plaintiff appeals as of right.

At trial, Mary Healy testified that she owned and lived at 218 Harris Street in the City of Hancock from August, 1964, until December, 1967. She described the house as a two-family home that had been a "multi-family dwelling" since before 1962. After various other owners, defendant, Doreen Hueter, purchased the house in April, 1972. She testified that she purchased the house at 218 Harris Street in April, 1972, from Dennis Betway. Mrs. Hueter described the house at the time of her purchase as having four floors, three apartments, and 5,000 square feet without the attic area. The attic area was used for storage. Below the attic, on the third floor, was an apartment which had its own entrance way. The main floor contained an apartment with a front and back entrance. The basement also contained an apartment with an entrance way via the back landing. Upon opening the door from the outside into the landing, a person could either walk up to the main floor or down to the basement. The basement had a small doorway, three by five feet, underneath the front porch. Further, the basement had six rooms, including a bar area, a furnace room, a storage room, a laundry room, a bathroom, and a bedroom. The basement was furnished at the time of purchase and included a stove, a couch, a bed complete with bedding, a dresser, and smaller units of furniture. After cleaning and repairing the house in general, Mrs. Hueter installed additional carpeting in the basement, divided the laundry room from the sink area, and enlarged the basement's

outside entrance to accommodate a standard size door. A bathtub was installed in the bathroom. No building permit was secured for any of this work. After the renovations, the basement area was rented out and has been continuously rented out through the present time.

The plaintiff city maintains that the trial court erred in dismissing its request for injunctive relief. The city contends that the property is in a Class A Residential District which is limited to single-family dwellings. Further, the city maintains that, because the property had been used as a two-family dwelling at the time the zoning ordinance went into effect in 1962, that use was permissible as a nonconforming use but maintaining a three-family dwelling was not permissible since a nonconforming use cannot be broadened.

The trial court found:

"A. That plaintiff's proofs have failed to show irreparable harm or injury, or the existence of a public nuisance; and

"B. That plaintiff has an adequate remedy at law for the enforcement of the Hancock zoning ordinances; and

"C. That by reason of plaintiff's delay in prosecuting the within cause the plaintiff is estopped from obtaining the relief requested by reason of laches; and

"D. That the threatened violation of a municipal ordinance cannot ordinarily be enjoined if the threatened act fails to constitute a nuisance, and there being no evidence having been presented herein that a nuisance has been suffered; and the ordinance itself indicates that a mere violation itself is a nuisance, but that doesn't make it a nuisance; and

"E. That the granting of the relief requested by plaintiff at this late date would work an injustice upon the defendant;"

We concur in the trial court's findings. An ap-

pellate court will set aside the findings of fact of a trial court sitting without a jury only when such findings are clearly erroneous. A finding is "clearly erroneous" when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. Regard shall be given to the special opportunity of the trial court to judge the credibility of those witnesses who appeared before it. GCR 1963, 517.1, *Birkenshaw v Detroit,* 110 Mich App 500; 313 NW2d 334 (1981). The findings are adequate if the reviewing court can discern the controlling choices made by the trial court as between competing factual assertions. *Backowski v Solecki,* 112 Mich App 401; 316 NW2d 434 (1982).

The city failed in its burden of proof. There was no conclusive evidence that the property was in a Class A Residential District. The city manager, who has been in that position since 1974, testified that the City of Hancock did not have a zoning ordinance until January 3, 1962, when City Ordinance No. 76 took effect. The zoning districts were designated by Article 3, Section 1, of Ordinance No. 76, which provided:

"The boundaries of the districts described in Article II are shown upon a map attached hereto and made a part of this Ordinance, being designated as the Zoning map of the City of Hancock, and said map and all notations, references and other date *[sic]* shown thereon shall be as mucha *[sic]* part of this ordinance as if the information set forth on said map were fully described herein."

The city had only one zoning map which was attached to a wall in the City Council chambers. Effective August 21, 1976, the 1962 Zoning Ordi-

nance No. 76 was replaced with Ordinance No. 118. Thus, the zoning map was no longer applicable and was removed from the chamber wall by the city manager. A photocopy of a portion of the Ordinance 76 zoning map was identified by the city manager. The exhibit showed that the Hueter house is located in the Quincy Addition, which is marked with an "A", which means Class A Residential.

However, the city manager further testified that the 1962 zoning map listed the various districts with color coded designations next to the various districts which were used to identify the different districts on the map. The Quincy area which included the Hueter house was not outlined in any color. The only marking indicating that the zoning district was a Class A Residential District was an "A" enclosed in a circle which someone had "penciled in". The designation did not correspond with the map's color coding and the city manager had no idea who had penciled in the "A". He testified that, "So I guess you'd have to go on assumption then"; the 1962 zoning ordinance map "is not very accurate as to what's in the district". The only evidence that the city had that the Hueter house was in the 1962 Class A Residential District was the 1962 zoning map. Further, the city manager testified that, under the 1962 ordinance, a three-family dwelling unit was a permissible new use anywhere except in the Class A Residential District. Therefore, if the Hueter home was not in the 1962 Class A Residential District, the three-family dwelling would have been a legal use prior to the adoption of the 1976 ordinance and, therefore, would be a legal nonconforming use under the 1976 ordinance.

On the basis of the above evidence, we find that

the city failed to prove that defendant Hueter's residence was in a Class A Residential District as defined in the 1962 ordinance. Nowhere other than on the map are the boundaries of the various districts, created by the zoning scheme in 1962, defined. The zoning map did not by its own color code include the Hueter residence within the Class A Residential District. It was no more than an assumption that the Hueter residence was in a Class A Residential District under the 1962 ordinance. The 1962 map was not accurate and the ambiguity should be construed in favor of the defendant. We can, therefore, surmise that the conversion of the house in 1972 from two apartments to three apartments was a permissible new use which became a legal nonconforming use when the 1976 zoning ordinance became effective.

"A prior nonconforming use is a vested right to continue the lawful use of real estate in the manner it was used prior to the adoption of a zoning ordinance. Though the ordinance be reasonable, it cannot operate to oust the property owner of his vested right." *Dusdal v City of Warren,* 387 Mich 354, 359-360; 196 NW2d 778 (1972).

Further, we find that the doctrine of laches applies to this case. In *In re Crawford Estate,* 115 Mich App 19, 25-26; 320 NW2d 276 (1982), the Court discussed the doctrine of laches:

"Laches is an affirmative defense which depends not merely upon the lapse of time but principally on the requisite of intervening circumstances which would render inequitable any grant of relief to the dilatory plaintiff. *Lewis v Poel,* 376 Mich 167, 169; 136 NW2d 7 (1965), *Root v Republic Ins Co,* 82 Mich App 446; 266 NW2d 842 (1978). For one to successfully assert the defense of laches, it must be shown that there was a

passage of time combined with some prejudice to the party asserting the defense of laches. *Head v Benjamin Rich Realty Co,* 55 Mich App 348, 356; 222 NW2d 237 (1974), *lv den* 393 Mich 792 (1975). See, also, *Wiljamaa v Board of Education of City of Flint,* 50 Mich App 688, 692; 213 NW2d 830 (1973). Laches is concerned mainly with the question of the inequity of permitting a claim to be enforced and depends on whether the plaintiff has been wanting in due diligence. *Sloan v Silberstein,* 2 Mich App 660, 676; 141 NW2d 332 (1966)."

In the present case, the city had notice that defendant Hueter was maintaining three dwelling units. The Hueter home was billed for garbage collection on the basis of having three apartment units since August, 1972. The city manager testified that this would constitute notice to the city. Also, the city manager testified that he was informed prior to 1979 that the home contained three apartment units. In 1979, he inspected the house. However, the city's complaint was not filed until August 20, 1980. On these facts, we find that, although the city had notice in 1972 of what it considered a zoning ordinance violation under the 1962 zoning ordinance, it failed to take any action for an undue length of time. Because defendant Hueter has maintained three apartment units since 1972, it would be inequitable at this time to force her to discontinue renting one of the apartments, especially in light of the fact that the zoning map did not clearly establish that the home was in a Class A Residential District pursuant to the 1962 zoning ordinance.

To this extent, defendant Hueter would be prejudiced. Thus, there was no error on the part of the trial court in finding that the doctrine of laches applies to this case.

Affirmed.