ZLYDASDYK v. LUCAS

1. Equity—Laches—Passage of Time.

The mere passage of time is not in itself a sufficient basis to apply the doctrine of laches.

2. Equity—Laches—Enforcement of Claim.

Laches is concerned principally with the question of the inequity of permitting a claim to be enforced and depends on whether the plaintiff has been wanting in due diligence.

3. Equity—Legal Right—Limitation on Redress.

A strict legal right, if incompatible with the equities of the case, does not necessarily entitle the right-holder to equitable redress.

4. Equity—Injunctions—Laches—Hardship.

Plaintiffs, neighboring lakefront landowners of the defendants, were not entitled to an injunction ordering the removal of a bridge built by the defendants connecting their mainland property with an island they owned, and the removal of land fill used in the construction of the bridge, even though the area of the land fill and bridge was navigable water where the plaintiffs, although cognizant of the altered physical condition of the property made no effort to enforce or protect their own rights until six years after the bridge had been completed, the defendants had during those six years expended considerable time, effort, and money building a house on the island, and removal of the bridge would work a considerable physical hardship on the defendants and would render the island and house much less valuable.

References for Points in Headnotes

[1, 2] 27 Am Jur 2d, Equity §§ 152–176.
[3] 27 Am Jur 2d, Equity § 19.
[4] 27 Am Jur 2d, Equity §§ 169–172.

Appeal from Newaygo, Harold Van Domelen, J. Submitted Division 3 December 9, 1970, at Grand Rapids. (Docket No. 8354.) Decided January 20, 1971. Leave to appeal denied March 25, 1971. 384 Mich 821.

Complaint by Bernard and Phyllis Zlydasdyk and numerous other property owners against Thomas and Olive Lucas for interference with their littoral rights. Judgment for plaintiffs and injunction issued. Defendants appeal. Reversed and injunction vacated.

*Paul L. Greer* (*Theodore A. Caris,* of counsel), for plaintiffs.

*Shepherd & Shepherd,* for defendants.

Before: FITZGERALD, P. J., and QUINN and MC-INTYRE,* JJ.

FITZGERALD, P. J. Thomas and Olive Lucas, defendants in the present case, are owners of certain lakeside property in Newaygo County. The particular land in question was purchased in 1955 and consists of three lots adjacent to Pettit Lake and an island separated from these lots by a short expanse of water. From 1955 until 1960, the Lucas' only means of access to the island was by small boat.

During the summer of 1960, plans were formulated for the construction of a bridge which would eventually connect their mainland property with the island. In February 1961, muck was dredged from the site to facilitate construction. The necessary materials were delivered and remained in open view until early spring when actual construction began.

* Circuit judge, sitting on the Court of Appeals by assignment.

The bridge was to span causeways which had been constructed on fill extending approximately 160 feet from the island in toward the mainland and about 75 feet from the mainland out toward the island. The project was substantially under way during the month of March and in July of 1961 it was completed. Following completion of the bridge, defendants expended considerable amounts in constructing a home on the island.

Plaintiffs, who are neighboring lakefront landowners, knew of the bridge, but took no action until May 11, 1967, when an action was brought alleging conduct by defendants which interfered with their respective littoral rights. The trial began in June 1968 with additional testimony taken in August and September. On October 15, 1969, a judgment was entered, the court ruling that the area of the bridge and land fill was navigable water and the bridge was unlawfully constructed. Defendants' claim of laches was rejected and an injunction issued ordering removal of the bridge, 100 feet of westerly fill, and 30 feet of easterly fill adjacent to the bridge. Defendants appeal as of right from the decision of the trial court.

Defendants now contend that the trial court erred in rejecting their argument that plaintiffs should be denied the relief sought on the basis of laches. In addressing itself to the question of laches, the trial court stated:

"It is true that the plaintiffs have been tardy in exercising their rights, however, the mere passage of time is not a sufficient basis for laches. This is especially true where plaintiffs are seeking protection of a vested legal right. *Taylor* v. *S. S. Kresge Co.* (1950), 326 Mich 580. The defendants constructed the bridge in a relatively short time during the winter season, and the plaintiffs were faced

with an accomplished fact except that defendant thereafter proceeded to erect a home on the island after completion of the bridge."

While we readily concur with the trial court in its belief that the mere passage of time is not in itself a sufficient basis for laches, careful consideration must be accorded the respective interests of the parties in application of this doctrine. This equitable doctrine is set forth and explained in our previous decision in *Sloan* v. *Silberstein* (1966), 2 Mich App 660, 676, where it was stated:

"Laches differs from limitations in that limitations are concerned with the *fact* of delay, laches with the *effect* of delay. Laches is concerned principally with the question of the inequity of permitting a claim to be enforced and depends on whether plaintiff has been wanting in due diligence. Limitations are statutory, while laches is not."

In applying the principles set forth above, we find that plaintiffs, although cognizant of the altered physical condition of defendants' property, made no effort to enforce or protect their own rights from the time the bridge was completed in 1961 until the summer of 1967, six years later. During this six-year period, defendants invested considerable time, effort, and money in constructing a permanent residence upon the island. In addition to the lack of due diligence in pursuing their claim, plaintiffs now seek the removal of the bridge itself, which would result not only in great physical hardship for defendants, but undoubtedly would render the island and home much less valuable.

The opinion of the trial court as well as the plaintiffs' brief reflects considerable emphasis on *Taylor* v. *S. S. Kresge Co.* (1950), 326 Mich 580, stressing that the equitable doctrine of laches has

little basis where the parties are seeking in equity to protect a vested right. This case is easily distinguished, for in *Taylor* the legal right which the plaintiff sought to protect was that of record title to land, and though the action was equitable in nature, the balance of equities, in contrast to the present case, were with the plaintiff. In *Michner Plating Company* v. *Davis Drilling Co., Inc.* (1968), 10 Mich App 358, this Court held that a strict legal right, if incompatible with the equities of the case, does not necessarily entitle one to equitable redress. In addition, the record contains sufficient evidence of the fact that during the interval between completion of the bridge and commencing of the original action, defendants' position has materially changed and granting the equitable relief sought by plaintiffs would cause considerable hardship.

Therefore, upon consideration of the lack of due diligence of plaintiffs in pursuing their claim and the effect upon the equities of the situation, we must conclude that the trial court improperly rejected a clear showing of laches.

The judgment of the trial court is reversed and the injunction vacated. Costs to appellants.

All concurred.