WILJAMAA v BOARD OF EDUCATION OF THE CITY OF FLINT

1. CONTRACTS—RESCISSION—MEETING OF MINDS.

There must be a meeting of minds not only to make a contract but also to rescind or modify a contract after it has been made; a resignation from employment is akin to an offer to rescind a contract of employment and the recipient has the option either to accept or reject it.

2. CONTRACTS—RESCISSION—COUNTEROFFER—MEETING OF MINDS.

By choosing to change the effective date of an employee's resignation the defendant employer chose to make a counteroffer and when the counteroffer was neither communicated to the plaintiff nor accepted by her there was no meeting of the minds on the employee's offer to resign or on the employer's counteroffer; the contract was not rescinded by the tender of the employee's resignation.

3. CONTRACTS—EMPLOYMENT—RESIGNATION—EFFECTIVE DATE.

A resigning party has the right to make an offer regarding the effective date of a resignation and the unilateral action of the employer in changing the effective date which materially affected the date of termination of the plaintiff's rights under the contract of employment cannot be classed as a ministerial act; the resignation so altered was void as a matter of law.

4. EQUITY—LACHES.

The doctrine of laches will operate to bar a claim only where the lack of due diligence would render it inequitable to permit the claim to be enforced.

Appeal from Genesee, Ollie B. Bivins, J. Submitted Division 2 October 9, 1973, at Lansing. (Docket No. 15610.) Decided November 29, 1973.

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 17 Am Jur 2d, Contracts §§ 459, 482, 485, 490–500, 517, 518.
[2, 3] 17 Am Jur 2d, Contracts §§ 39, 40, 62.
[4] 27 Am Jur 2d, Equity § 152 *et seq.*

Complaint by Elizabeth Wiljamaa against the Board of Education of the City of Flint to compel continuation of her employment. Judgment for plaintiff. Defendant appeals. Affirmed.

*White, Newblatt & Grossman, P. C.* (by *Jeffrey A. Chimovitz),* for plaintiff.

*Bellairs, Dean, Cooley & Siler,* for defendant.

Before: T. M. BURNS, P. J., and V. J. BRENNAN and VAN VALKENBURG,* JJ.

PER CURIAM. The Flint Board of Education appeals from a judgment of the Genesee County Circuit Court ordering the plaintiff reinstated to her teaching position with back pay.

The instant case was tried without a jury. Evidence presented at trial and the findings made by the trial court disclose that the plaintiff was a tenure teacher in the City of Flint School District. A teacher with tenure is defined as a teacher who has satisfactorily completed the first two years of employment with a school district or institution.[1] MCLA 38.81; MSA 15.1981. On November 19, 1970, after some discussion with various school officials, the plaintiff submitted her resignation effective November 23, 1970, on a form supplied by the school board. On the following day the consultant for staff personnel of the Flint community schools or his secretary changed the effective date of the resignation to November 20, 1970 without the plaintiff's knowledge or consent. On the same day the plaintiff attempted to withdraw her resignation, however, school authorities informed her it

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] A third year of probation may be added upon notice to the tenure commission. MCLA 38.82; MSA 15.1982.

was too late to do so. The Board of Education formally accepted the plaintiff's resignation in December of 1970. Her teaching position was filled on January 4, 1971.

Based upon the foregoing evidence, the trial court ruled that the plaintiff's resignation was vitiated when the board of education, through one of its agents, changed the proposed effective date of the plaintiff's resignation from November 23, 1970, to November 20, 1970, without the plaintiff's knowledge or consent.

As the first assignment of error on appeal the defendant contends that the trial court improperly found that the plaintiff's resignation was so altered as to be void as a matter of law. We disagree.

It is fundamental law that there must be a meeting of the minds not only to make a contract but also to rescind or modify a contract after it has been made. *Universal Leaseway System, Inc v Herrud & Co.* 366 Mich 473; 115 NW2d 294 (1962).

Here plaintiff was under an employment contract with the City of Flint's Board of Education. Plaintiff's resignation was akin to an offer to rescind the contract of employment on November 23, 1970. At this point the board of education had the option to either accept or reject this offer of resignation. However, the board chose to make a counteroffer by changing the effective date of the resignation to November 20, 1970. This counteroffer was neither communicated to nor accepted by the plaintiff. Consequently there was no meeting of the minds on plaintiff's offer to resign or on the board's counteroffer. Inasmuch as there was no meeting of the minds, it follows that the contract between the plaintiff and the board was not rescinded by the tender of plaintiff's resignation.

The defendant has attempted to neutralize any notion that changing the effective date of plaintiff's resignation from Monday, November 23, to Friday, November 20, was a counteroffer thus precluding any agreement to rescind the contract by referring to the change as a mere "ministerial act".

The defendant's argument is squarely answered by that portion of the plaintiff's brief which reads:

"Defendant-appellant totally failed to introduce any evidence to show that Mrs. Wiljamaa's [plaintiff's] rights under her contract regarding Blue Cross benefits, social security, workmen's compensation rights, death benefits, accrued vacation, personal leave rights, etc., would not be effected *[sic]* in any way by that change."

Furthermore, defendant ignores the fact that as the resigning party, plaintiff had the right to make an offer to the board of education regarding the effective date of the resignation. In the event of an accident or illness over the course of the intervening weekend, which would have brought into play the benefits listed in the quoted portion of plaintiff's brief arrayed above, plaintiff would have been denied coverage under the defendant's unilateral action of changing the effective date of the resignation to the preceding Friday. It is our opinion, therefore, that the change of dates materially affected the rights of the plaintiff and thus cannot be classified as a ministerial act.

For all of the reasons delineated above we hold that the trial court did not err by concluding that the plaintiff's resignation was so altered as to be void as a matter of law.

Next the defendant contends that the plaintiff was barred from enforcing the employment contract by the doctrine of laches. Defendant's conten-

tion is without merit and requires only a brief comment.

The doctrine of laches will operate to bar a claim only where the plaintiff's lack of due diligence would render it inequitable to permit the claim to be enforced. *Zlydasdyk v Lucas,* 29 Mich App 584; 185 NW2d 838 (1971), *lv to app den,* 384 Mich 821 (1971).

In the present case there is no showing that plaintiff lacked due diligence in pursuing her claim. On the contrary the record discloses that the plaintiff did everything she could to assert her right to her teaching position which included attempting to withdraw her resignation the day after it was tendered, conferring with various school officials, seeking relief from her union, and finally contacting her attorney. It is patent that the plaintiff acted with dispatch and, therefore, is not guilty of laches.

Affirmed.