JASKULSKI *v.* CITIZENS' MUTUAL FIRE-INSURANCE CO.

1. FIRE INSURANCE—TRANSFER OF PROPERTY—MUTUAL COMPANY —VALIDITY OF BY-LAWS.
   A provision in the by-laws of a mutual fire-insurance company, that any transfer of the property insured, without written notice to the company, shall invalidate the policy, is reasonable and valid.

2. SAME—PARTIES TO CONTRACT—INTEREST OF MORTGAGEE.
   Where a fire-insurance policy was issued to the owner of the property, and on it was indorsed, "Loss, if any, payable to E., mortgagee, as his interest may appear," the mortgagee had no contract with the company, avoiding the effect of a condition in the policy rendering it void on a transfer of the property without written notice to the insurer.

Error to Kent; Wolcott, J. Submitted October 15, 1902. (Docket No. 59.) Decided November 11, 1902.

*Assumpsit* by Franciska Jaskulski against the Citizens' Mutual Fire-Insurance Company of Kent, Allegan, and

Ottawa Counties on a policy of insurance. From a judgment for defendant on verdict directed by the court, plaintiff brings error. Affirmed.

This is a suit upon an insurance policy to recover for a loss by fire. The policy was issued in 1895 to one Joseph Navrot, the owner of the land. The dwelling upon it was insured for $250. One Eckert had loaned Navrot some money, and taken a mortgage upon this land to secure it. Mr. Eckert and Mr. Navrot were both present when the policy was issued to Navrot. Indorsed upon it was, "Loss, if any, payable to Frank C. Eckert, mortgagee, as his interest may appear." Mr. Navrot died in April, 1900, having paid all assessments up to his death. The policy provided that, "in case of death of the insured, the insurance should not lapse if within 60 days his proper representative should take out a new policy, the old policy being surrendered and arrears paid." The court held that this provision was waived by the defendant, and no question is raised upon it.

After Mr. Navrot's death an assessment was made, which Mr. Eckert paid, taking a receipt in Mr. Navrot's name. An administrator was appointed upon Navrot's estate, who, under the authority of the probate court, sold and conveyed the land to plaintiff and her husband on November 21, 1900. About the same time Mrs. Navrot executed a quitclaim deed to plaintiff and her husband for her interest in the premises. Meanwhile Eckert foreclosed his mortgage. Plaintiff and her husband redeemed from the foreclosure sale, and at the same time Mr. Eckert assigned his interest in the policy to the plaintiff. The house was destroyed by fire December 13th. The by-laws provided:

"The transfer, incumbering, or vacating of said property, increased hazard, or any change in the relation of the parties which would alter the rights of the parties with reference to said contract, without notice in writing to the secretary of said company, will avoid the policy."

No notice of this sale and transfer was given to the defendant.

*G. A. Wolf,* for appellant.

*Burlingame, Belden & Orton,* for appellee.

GRANT, J. (*after stating the facts*). Insurance companies may lawfully contract with the insured that the contract of insurance shall be void upon a conveyance of the title to the property without notice to, and the assent of, the insurer. Insurance companies may decline to insure the purchaser and grantee, while willing to assume the moral hazard of the person originally insured. This provision was therefore valid. Plaintiff seeks to avoid the result by insisting that this policy was in fact issued for the benefit of Mr. Eckert, and that he had a contract with defendant. This contention is settled against the plaintiff by *Van Buren* v. *Insurance Co.,* 28 Mich. 398; *Hartford Fire-Ins. Co.* v. *Davenport,* 37 Mich. 609; *Minnock* v. *Insurance Co.,* 90 Mich. 236 (51 N. W. 367). The contract of insurance was made with Mr. Navrot alone. He alone could bring suit upon it. He alone was liable for the premiums. Counsel for plaintiff cites *Phenix Ins. Co.* v. *Omaha Loan & Trust Co.,* 41 Neb. 834 (60 N. W. 133, 25 L. R. A. 679), and other similar cases. In that case the policy contained a mortgage slip by which it was agreed that, "as to the interest of the mortgagee, the insurance should not be invalidated by any act or neglect of the mortgagor or owner of the property." The mortgagor had forfeited his rights in the policy. It was held that the mortgagee had not, but that this clause gave him an independent right of action against the company. No such clause is found in the present policy.

The direction of the court was correct, and the judgment is affirmed.

HOOKER, C. J., MOORE and MONTGOMERY, JJ., concurred.