WEST v FARM BUREAU MUTUAL INSURANCE COMPANY OF MICHIGAN

1. JUDGMENT—SUMMARY JUDGMENT—MATERIAL ISSUE—DISPUTED FACT—REASONABLE DOUBT.

> The party opposing a motion for summary judgment must be given the benefit of any reasonable doubt concerning the existence of a disputed material issue of fact.

2. INSURANCE—WILFULL MISREPRESENTATION—VOIDING—MATERIALITY —FALSENESS—KNOWLEDGE—INTENT.

> To void a policy of insurance because the insured has wilfully misrepresented a material fact it must be shown that (1) the misrepresentation was material, (2) that it was false, (3) that the insured knew that it was false at the time he made the representation or that it was made recklessly without any knowledge of its truth, and (4) that the insured made the material misrepresentation with the intention that the insurer would act upon it.

3. JUDGMENT—SUMMARY JUDGMENT—COURT RULES—AFFIDAVITS— COMPETENCE TO TESTIFY—COURT RULE—TECHNICAL NONCOMPLI- ANCE—SUBVERSION OF RULES.

> A party moving for summary judgment is required to support his motion with affidavits which show affirmatively that the affiant, if sworn as a witness, can testify competently ⁄to the facts contained therein, and such a requirement was fulfilled where an affidavit of defense counsel in an action on a policy of fire insurance, although it did not affirmatively state that he was competent to testify, did state that he personally met with the plaintiff who admitted executing and submitting a false proof of loss statement to the defendant insurer; reversal of a summary

REFERENCES FOR POINTS IN HEADNOTES

[1] 73 Am Jur 2d, Summary Judgment § 1.

[2] 43 Am Jur 2d, Insurance § 734 *et seq.*

[3] 73 Am Jur 2d, Summary Judgment §§ 2, 4.
Constitutionality of statute or rule of court providing for summary judgment unless affidavit of merits is filed. 120 ALR 1400.

[4] 44 Am Jur 2d, Insurance § 1836.

[5] 43 Am Jur 2d, Insurance § 834 *et seq.*

judgment predicated on technical noncompliance with court rules would subvert the underlying purpose of the court rules (GCR 1963, 117.3, 116.4).

4. INSURANCE—HUSBAND AND WIFE—ACT OF MISCONDUCT—RECOVERY OF INSURANCE—DIVISIBLE INTEREST—COMPLICITY.

A unilateral act of misconduct on the part of a husband will not automatically foreclose his wife from recovery under an insurance policy issued to them as coinsureds where she is able to show that her interest in the insured property is divisible from that of her husband, but where the issue was not raised at trial and there were no allegations that any of the property destroyed was separate property of the wife and the depositions indicate that the wife signed false statement of loss forms voluntarily and was present when the misrepresentation was orally made by her husband she should not be allowed to recover.

5. INSURANCE—MORTGAGEE'S INTEREST—MISCONDUCT OF MORTGAGOR —MORTGAGE CLAUSE—SEPARATE CONTRACT—LAND CONTRACT VENDOR—EXPRESS PROVISION.

Language in a policy of fire insurance indicating that the interest of a mortgagee under the policy shall not be invalidated by any act or neglect of the mortgagor is interpreted to mean that there is a separate contract of insurance between the mortgagee and the insurer and that misconduct by the mortgagor does not bar the mortgagee from recovering for his loss; the interest of a land contract vendor is subject to the same interpretation where the policy expressly provides that his interest is governed by the mortgage clause.

Appeal from Ingham, Ray C. Hotchkiss, J. Submitted April 17, 1975, at Lansing. (Docket No. 21061.) Decided August 12, 1975.

Complaint by Kenneth G. West, Karol A. West, Donald T. Lunsted and Evelyn G. Lunsted against Farm Bureau Mutual Insurance Company of Michigan for damages for breach of a contract for fire insurance. Judgment for defendant. Plaintiffs appeal. Affirmed in part and reversed in part.

*Hubbard, Fox, Thomas & Born,* for plaintiffs.

*Willingham, Coté, Hanslovsky, Griffith & Foresman, P. C.,* for defendant.

Before: DANHOF, P. J., and BASHARA and D. E. HOLBROOK, JR., JJ.

BASHARA, J. This action is based upon defendant's refusal to honor a claim under a fire insurance policy issued to the plaintiffs, West. The trial court after hearing arguments granted defendant's motion for summary judgment and all plaintiffs appeal.

The Wests were the purchasers of certain farm property from plaintiffs Lunsted on a land contract. The real property subject to that land contract as well as certain personal property owned by the Wests was insured under a fire insurance policy written by defendant. On July 25, 1973, a fire destroyed portions of that property.

In accordance with the contract, the Wests filed an inventory of loss. One of the items scheduled, a hay elevator, was claimed by the Wests to be owned by them but was actually owned by one Mr. Heinrich who had only lent it to the Wests. The depositions disclose that Mrs. Heinrich informed Mr. West when he telephoned, in the presence of an insurance adjuster, that the Heinrichs were filing an insurance claim on the elevator. Mr. West, on the other hand, after the telephone conversation informed the adjuster that he had paid the Heinrichs $1,189 for the claimed hay elevator. The discrepancy came to light because both the Heinrichs and Wests were insured by defendant and both filed claims for the elevator. Based on this information and a clause in the Wests' insurance contract the trial court granted defendant summary judgment.

Plaintiffs first contend that issuance of summary

judgment was erroneous because there was a genuine issue of fact. They specifically argue that whether the Wests submitted a false statement of loss with intent to defraud was in dispute and should have been submitted to the trier of fact.

It is axiomatic that in viewing a motion for summary judgment brought under GCR 1963, 117.2(3), the opposing party must be given the benefit of any reasonable doubt concerning the existence of a disputed material issue of fact. *Rizzo v Kretschmer,* 389 Mich 363; 207 NW2d 316 (1973).

The language contained in plaintiffs' policy regarding the voiding of that policy is identical to the language mandated by statute. MCLA 500.2832, lines 1–6; MSA 24.12832, lines 1–6 provides:

"This entire policy shall be void if, whether before or after a loss, the insured has *willfully concealed or misrepresented any material* fact or circumstance concerning this insurance or the subject thereof, or the interest of the insured therein, or in case of any *fraud or false swearing* by the insured relating thereto." (Emphasis supplied.)

To void a policy because the insured has wilfully misrepresented a material fact it must be shown that (1) the misrepresentation was material, (2) that it was false, (3) that the insured knew that it was false at the time he made the representation or that it was made recklessly, without any knowledge of its truth, and (4) that the insured made the material misrepresentation with the intention that the insurer would act upon it. See *Bernaditch v Bernaditch,* 287 Mich 137; 283 NW 5 (1938).

Plaintiff Mr. West in his deposition admitted that he did not purchase the elevator from the

Heinrichs, nor did he have an interest in it. He admitted that the statement was false and that he knew it was false when he made it. The misrepresentation was material in that defendant was subject to double liability as to the hay elevator. The depositions clearly establish that there was no conflicting testimony. Having reviewed the depositions and pleading, we find there was a material misrepresentation, and the conditions set forth for voiding the policy were present. The trial court did not err in granting summary judgment on this ground.

Plaintiffs next contend that the summary judgment must be set aside because the affidavit in support of that motion does not state the affiant could competently testify as to determinative issues involved therein.

Under GCR 1963, 117.3, when it is alleged that there is no genuine issue as to any material fact, the moving party is required to support that motion with affidavits in accordance with subrules 116.4, 116.5, and 116.6. *Durant v Stahlin,* 374 Mich 82; 130 NW2d 910 (1964). GCR 1963, 116.4 requires that "[s]uch affidavits shall show affirmatively that the affiant, if sworn as a witness, can testify competently to the facts contained therein".

Defendant's affidavit in this cause was submitted by defense counsel. A review of the affidavit reveals that defense counsel personally met with plaintiff, Kenneth West on August 23, 1973, at which time Mr. West admitted executing and submitting a false proof of loss to defendant regarding his ownership of the hay elevator.

Plaintiff's rely on *Sun Insurance Office Limited v Keller,* 46 Mich App 761; 208 NW2d 525 (1973). In that case, the Court reversed the granting of a summary judgment because the affidavit sworn to

by the moving party's attorney did not indicate that he had personal knowledge of the facts set forth therein. Thus, he was not competent to testify as required by GCR 1963, 116.4. See also *Jones v Shek,* 48 Mich App 530; 210 NW2d 808 (1973), and *Huron School Dist v Huron Township,* 42 Mich App 590; 202 NW2d 491 (1972), where our Court has reversed the granting of summary judgment on the same grounds.

The instant case is distinguishable in that defense counsel's affidavit shows that he had personal knowledge of the facts contained in the affidavit. It was not based upon conclusions, or inadmissible evidence. See *Gamet v Jenks,* 38 Mich App 719; 197 NW2d 160 (1972). Although it is true that defense counsel's affidavit does not affirmatively state the affiant is competent to testify as required by GCR 1963, 116.4, it does show the affiant possessed personal knowledge. If we were to accept plaintiff's contention predicated on the technical noncompliance, we would be subverting the underlying purpose of the court rules. See *Topps-Toeller, Inc v City of Lansing,* 47 Mich App 720; 209 NW2d 843 (1973).

Plaintiff, Mrs. West next contends that the granting of summary judgment was in error because she is not barred from recovery on the insurance policy due to her husband's willful misrepresentation.

Mrs. West relies solely on the recent case of *Simon v Security Insurance Co,* 390 Mich 72; 210 NW2d 322 (1973). Our Supreme Court there held that a unilateral act of misconduct on the part of a husband should not automatically foreclose his wife from recovery under an insurance policy issued to them as coinsureds, if she is able to show that her interest in the insured property is divisi-

ble from that of her husband. In this case, the issue presently under consideration was neither raised at trial, nor were there allegations that any of the property destroyed was the separate property of Mrs. West. Generally where an issue is not essential to the proper resolution of the appeal, and has not been raised below, appellate courts will not decide such issues. *Huey v Campbell, Wyant & Cannon Foundry Co,* 55 Mich App 227; 222 NW2d 191 (1974). Further, the depositions indicate that Mrs. West signed the statement of loss forms voluntarily and was present when the misrepresentation was orally made by Mr. West. We thus find *Simon v Security Insurance Co, supra,* inapplicable to the instant case.

The trial judge, as indicated earlier, granted summary judgment against the Lunsteds, who were the land contract vendors to the Wests. The Lunsteds' right to recovery is governed by four provisions of the fire policy issued to the Wests. The first was cited in the earlier portions of this opinion. The second is the "Mortgage Clause" which provides:

"Loss or damage, if any, under this policy, shall be payable to the mortgagee (or trustee) as shown on the fact of the declaration as interest may appear, and this insurance, as to the interest of the mortgagee (or trustee) only therein, *shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property".* (Emphasis supplied.)

Next is the "Contract of Sale" clause:

"A contract for sale of the property described in this policy having been made between the insured and the titleholder shown on the face of the declaration, the interest of said last named party is also insured hereunder, but without any increase in the amount of insur-

ance, and subject to all other terms, provisions and conditions of this policy, *including any Mortgage Clause forming a part of this policy."*

Finally the "Loss Payable" clause provides:

"Loss if any, *to be adjusted only with the Insured named herein* and payable to the Insured and Lienholder shown on the face of the declaration as their respective interest may appear, subject, nevertheless, to all the terms and conditions of the policy." (Emphasis supplied.)

Michigan case law is fairly well defined on the interpretation to be given these types of clauses. When there is language substantially similar to the Mortgage Clause contained in the present policy, it is usually interpreted to mean there is a separate contract of insurance between the mortgagee and the insurer. In this situation it is held that misconduct by the named insured does not bar the mortgagee from recovering for his loss. *Citizens State Bank of Clare v State Mutual Rodded Fire Ins Co of Michigan,* 276 Mich 62; 267 NW 785 (1936).

Defendant argues that when the policy contains language similar to the "Loss Payable" clause, misconduct by the insured does bar recovery by other interest holders because his rights are no greater than the mortgagor, *Jaskulski v Citizens' Mutual Fire Ins Co,* 131 Mich 603; 92 NW 98 (1902). Since both types of clauses are present in this policy it must be determined which one governs. Fortunately, the policy itself provides the answer. In the Contract of Sale clause, it is expressly provided that the interest of a land contract vendor is governed by the Mortgage clause. This latter clause provides that the policy shall

not be invalidated against a mortgagee in the event of any acts of the mortgagor.

We thus find the Lunsteds have a separate claim against the defendant and that the trial judge erred in granting summary judgment against them.

Affirmed in part and reversed and remanded in part. No costs since neither party has prevailed in full.