OPINION OF THE COURT
Edward M. Horey, J.
The facts which give rise to this action, tried without a jury, are noteworthy in their simplicity.
In July, 1976, the defendant Stanley Yaworsky borrowed $6,500 from the plaintiff First Trust Union Bank. As security for the loan, Yaworsky gave the bank a first mortgage on a house which he owned on Center Street in the City of Salamanca.
The mortgage contained a covenant that Yaworsky, as mortgagor, would keep the house insured “against loss by fire, and against loss by such other hazards, casualties and contingencies, in such form and amount as the mortgagee might from time to time require” (emphasis added).
Consistent with his obligation under the covenant, Yaworsky obtained a policy of insurance from the defendant Aetna Insurance Company. The policy insured *384 against loss by fire or casualty and particularly, against damage caused by motor vehicles owned by others than the named insured.
Unknown to the plaintiff bank, Yaworsky vacated the premises in and about September, 1980. Approximately two months thereafter and on November 22,1980, a tractor trailer left the adjacent highway and smashed into the mortgaged premises causing damage so extensive that the house was conceded upon trial to have been completely destroyed.
A vice-president of the plaintiff bank testified that he first learned of the damage to the mortgaged house when he read about it in the local newspaper the day following the accident. He took no action.
It was not until April, 1981, approximately five months after the accident that there was any contact between the plaintiff bank and Yaworsky. At that time, in what appears to have been a casual conversation, Donald Wogick, vice-president of the plaintiff bank, asked Yaworsky if he had filed a proof of loss. Yaworsky stated that he had done so and when he received the proceeds he would settle up with the bank. It is most significant that in this conversation viee-president Wogick did not ask; and Yaworsky did not state, with what insurance company the proof of loss had been filed.
It is agreed that Yaworsky did make a claim for loss. However, it was against the Nationwide Insurance Company which carried the automobile liability insurance on the tractor trailer. Yaworsky was paid on his claim. He never remitted any part of such payment to the bank. He has apparently left the State of New York.
On November 3, 1981, the plaintiff bank demanded payment from the defendant Aetna Insurance Company under the fire and other hazard insurance policy provided for under the mortgage. The defendant Aetna refused payment. The instant action ensued.
The insurance policy issued by the defendant Aetna Insurance Company included the “standard” mortgage clause. It provided, in relevant part, as follows: “If the insured, fails to render proof of loss, such mortgagee, upon *385 notice, shall render proof of loss in the form herein specified 60 days thereafter.” (Emphasis added.) Critical to a determination of the case at bar is the meaning to be ascribed to the quoted provision, in particular, the phrase “upon notice”.
The plaintiff bank contends that the construction to be given to the quoted provision is that as a mortgagee it had no obligation to file a proof of loss until it received notice from the defendant insurer that the insured had not filed a proof of loss and received a demand from the insurer that it, as mortgagee, should file such proof of loss.
The defendant insurer asserts that the proper meaning to be accorded the clause is that the mortgagee was obligated to file a proof of loss either within 60 days after the failure of the insured mortgagor to do so, or alternatively, within a reasonable period of time after learning that the insured mortgagor had failed to do so.
Plaintiff and defendant both assert that there is no precedent in New York decisive of the question. This court’s research tends to confirm that the matter is one of first impression in this State.
There is, of course, only one written instrument. It is the policy of insurance. Since the issue involves asserted contractual obligations of the insured mortgagor and those of the mortgagee bank, our first inquiry should be to determine the basis of the asserted obligations. This requires a determination of whether the rights and obligations of the mortgagee arise by way of being a third party under a contract between the insurance company and the insured mortgagor, or are a consequence of a separate contract between the insurance company and the mortgagee.
A majority of the courts hold that the so-called “standard” mortgage clause, making the mortgagee a payee and stipulating that the insurance shall not be invalidated by the mortgagor’s acts or neglect, constitutes an independent contract between the mortgagee and the insurer. (See Ann., 124 ALR 1034, 1038 et seq.) The decisions in New York are in accord with the majority view of the “standard” mortgage clause. The New York determination was established judicially in Hastings v Westchester Fire Ins. Co. (73 *386 NY 141) wherein Rap alls, J., in a concurring opinion stated (p 154): “I think the intent of the clause was to make the policy operate as an insurance of the mortgagors and the mortgagees separately, and to give the mortgagees the same benefit as if they had taken out a separate policy, free from the conditions imposed upon the owners, making the mortgagees responsible only for their own acts” (emphasis added). The view there taken has been consistently upheld. (See Heilbrunn v German Alliance Ins. Co. of N. Y., 140 App Div 557, affd 202 N Y 610; Goldstein v National Liberty Ins. Co., 256 NY 26, 32; Syracuse Sav. Bank v Yorkshire Ins. Co., 301 NY 403, 407 [reviewing additional prior decisional law].)
Responsible only for its own obligations under the terms of the policy of insurance, and not those of the insured mortgagor, we return to the contractual obligation of the mortgagee bank under the policy of insurance in issue. Under the policy provision previously quoted, did the mortgagee bank have an independent obligation to file a proof of loss before it received notice from the insurer that the insured had failed to file a proof of loss? That is the question for resolution.
The answer of this court to the question posed is in the negative. This court finds that the plain language of the quoted clause makes the obligation of the mortgagee to file a proof of loss a conditional one. The condition is the receipt by the mortgagee of a notice from the insurer that the insured has failed to file a proof of loss claim.
While no New York court appears to have addressed the issue, the Court of Appeals of Michigan appears to have done so. In Root v Republic Ins. Co. (82 Mich App 446) the plaintiffs, as sellers of a house on a land contract brought suit against the defendant insurance company under a policy of insurance which insured against loss by fire.
Factually, it appeared that consistent with his obligation, the contract purchaser had obtained a policy of fire insurance. That policy contained a mortgagee clause which provided, inter alia, that “if the insured fails to render proof of loss such mortgagee, upon notice, shall render proof of loss in the form herein specified within sixty (60) days thereafter”. (82 Mich App, p 449.)
*387 Before the house was paid for it was destroyed by fire. The contract purchaser filed a claim, for loss and secured a judgment for the loss against defendant insurance company. The insurer advised the plaintiffs, as sellers, that the judgment would be paid within five days unless the sellers objected. The sellers did not object within the five-day period. The insurance company paid the contract purchaser for the fire loss. The contract purchaser made a few more payments on the land contract to the sellers and then defaulted and left the jurisdiction of the Michigan courts. At that point the contract sellers sued the insurance company for the unpaid balance on their land contract of sale.
At first holding that the plaintiffs, as contract vendors, fell within the definition of a mortgagee under the policy of insurance, the court rendered a verdict in favor of the plaintiffs. That portion of the court’s decision so relevant to the issue at hand in the case at bar is set forth.
“Defendant first argues that plaintiffs’ suit was barred, relying on a provision of the policy which requires ‘the insured’ to file a proof of loss within 60 days of the loss and another provision barring suit ‘unless all the requirements of this policy shall have been complied with’. Plaintiffs respond that the contract of sale clause is expressly subject to ‘any mortgage clause forming a part’ of the policy, and that under the ‘mortgagee interests and obligations’ provision quoted above, the mortgagee is required to give proof of loss only upon notice by the insurer. No such notice was given in the instant case.
“We hold that plaintiffs’ interpretation of the contract of sale provision is the correct one. The plain language of the contract of sale clause indicates that plaintiffs-vendors are treated as mortgagees by making them subject to any mortgage clause in the policy. Cf. Mundhenk v Liverpool & London & Globe Insurance Co, Ltd, 311 Mich 571; 19 NW2d 103 (1945). See, also, West v Farm Bureau Mutual Insurance Co of Michigan, 63 Mich App 279; 234 NW2d 485 (1975). As such, proof of loss is required only upon notice. As no notice was given by the insurer, plaintiffs’ suit is not barred by a failure to furnish proof of loss.” (82 Mich App, pp 450-451; emphasis added.)
*388 Note is made that the clause construed by the Michigan court is identical to the one in issue in the case at bar.
There is a further consideration that supports the determination reached. It is this. When a standard mortgage clause is added to a policy of insurance, it is clear a loss, if any, is to be payable first to the mortgagee. If a court were to adopt the defendant’s construction of the mortgage clause, viz.: that the obligations of a mortgagee are not separate from those of the mortgagor insured, the very purpose of the clause would be defeated. For under such a construction the arbitrary refusal of the insured mortgagor to make and file a proof of loss would destroy the mortgagee’s right of recovery. This court finds it unreasonable that the interest of a mortgagee should be made so vulnerable to the caprice of an insured mortgagor. This is especially true when consideration is given to the fact that the mortgagee in many, if not most instances, is not only unaware of the failure of the insured mortgagor to file a claim for loss, but is even ignorant of the fact that a loss has occurred.
In summary, since it gives commonsense meaning to the plain language employed, and since it furthers, rather than frustrates the purpose to be accomplished, and finally, since it is consistent with the only decisional law discovered, the proper construction of the mortgagee clause in issue is that there is no obligation on the part of a mortgagee to file a proof of loss until the mortgagee has received notice from the insurer that the insured has failed to file such proof and that upon receipt of such notice from the insurer the mortgagee shall have 60 days thereafter to file such proof of loss.
In its answer, the defendant purports to set forth three separate defenses. They have not been artfully pleaded. The thrust of these defenses appear to be that of equitable estoppel and laches. This court finds no basis in fact to support them.
There is no proof that the plaintiff knew that the insured mortgagor had vacated the premises. In truth, the proof is to the contrary. There is no proof that the plaintiff unreasonably delayed in notifying the defendant after it learned *389 that the insured mortgagor had collected proceeds for damage from the automobile liability carrier and failed to apply those proceeds in reduction of the mortgage debt. Again, the proof is that the plaintiff gave reasonable and timely notice to the defendant once the facts were known to the plaintiff. There is no proof that the plaintiff was ever notified of the payment to the mortgagor insured by the automobile liability carrier in advance of payment. The proof is that it received no such notice.
Further, the defendant has not been required to pay any loss either to the insured mortgagor, or to the mortgagee. There is no basis to support the allegation of double recovery by any one under the policy in issue. On the contrary, the policy of the defendant insured against loss up to the sum of $32,000. The loss sought by the plaintiff is only for the balance due on the unpaid mortgage, viz.: the sum of $4,352.01. The difference between that sum and the substantially larger damage to the premises, which the defendant would otherwise be required to pay the insured has been paid by the automobile liability carrier. To date, the defendant has been the beneficiary of the payments made by the automobile liability carrier. The court fails to see how the defendant has been prejudiced by any conduct on the part of the plaintiff. The record is bare of any proof to support a charge of fraud, or inequitable conduct borne out of a plan, or scheme between the insured mortgagor and the mortgagee to act to the detriment of the defendant.
Judgment is for the plaintiff in the sum of $4,352.01, with interest thereon from November 22, 1980, together with the costs and disbursements of the action.