■ UNITED STATES FIDELITY & GUARANTY COMPANY, Appellant, v SAVERIO L. ANNUNZIATA, Defendant, and ANTHONY D. MARESCA, Respondent.—Kane, J. P. Appeal from that part of an order of the Supreme Court at Special Term (Crangle, J.), entered June 18, 1984 in Washington County, which denied plaintiff's motion for summary judgment dismissing defendant Anthony D. Maresca's counterclaim.

In March 1980, defendant Anthony D. Maresca (hereinafter defendant) sold to defendant Saverio L. Annunziata a summer home in the Village of Fort Ann, Washington County, for the total sum of $47,500. The purchase price was paid by a cash down payment of $5,000 and a purchase-money mortgage to defendant in the sum of $42,500. Fire insurance was provided by plaintiff, in statutory form, for Annunziata as the insured

and naming defendant as the mortgagee. The premises were partially destroyed by fire on June 14, 1980. Annunziata submitted a proof of loss statement and submitted to an examination under oath by plaintiff pursuant to the terms of the policy.

Thereafter, by separate demands dated November 12, 1980, plaintiff sought to examine defendant under oath and required him to file a proof of loss statement. Defendant refused to file a proof of loss statement and failed to appear on a date duly designated for examination under oath.

Plaintiff thereafter commenced this declaratory judgment action seeking a declaration that defendant is barred from any recovery under the terms of the policy for his failure to comply with the demands for examination under oath and to file a proof of loss statement. Defendant counterclaimed for entitlement to be paid for any loss sustained, and plaintiff responded with a reply containing affirmative defenses of noncompliance with the terms of the policy. Plaintiff also moved for summary judgment, which application Special Term denied. This appeal ensued.

We agree with Special Term that defendant, as a mortgagee, is not required to file a proof of loss statement upon the insurer's demand absent notice from the insurer that the insured failed to comply with such a demand.

The mortgage clause of the standard form insurance policy, in pertinent part, provides: "If the insured fails to render proof of loss such mortgagee, upon notice, shall render proof of loss in the form herein specified within sixty (60) days thereafter" (Insurance Law § 3404 [e] [lines 74-76]). A plain reading of the policy compels the conclusion that a mortgagee is required to file proof of loss only if the insured fails to do so and the insurer gives the mortgagee notice of its obligation to then provide proof of loss (*see, First Trust Union Bank v Aetna Cas. & Sur. Co.,* 119 Misc 2d 383, 387-388).

However, we reach a different conclusion as to defendant's obligation as mortgagee to submit to an examination under oath upon plaintiff's request. The standard fire insurance policy, such as the one in this case, does not have any specific provision pertaining to a mortgagee submitting to an examination under oath upon plaintiff's request, as an insured would be required to do (Insurance Law § 3404 [e] [lines 113-117]). Accordingly, absent any such provisions affecting a mortgagee, there is an obligation to submit to such an examination (*see, Mortgagee Affiliates Corp. v Commercial Union Ins. Co.,* 27 AD2d 119, 121).

Moreover, since the record demonstrates that defendant, as one standing in the shoes of an insured, willfully failed to be examined under oath following the loss, his subsequent examination before trial in this pending action does not cure his failure to comply with the conditions of the insurance contract (*see, Abudayeh v Fair Plan Ins. Co.,* 105 AD2d 764, 765-766; *Lentini Bros. Moving & Stor. Co. v New York Prop. Ins. Underwriting Assn.,* 76 AD2d 759, 761, *affd* 53 NY2d 835).

Order modified, on the law, without costs, by reversing so much thereof as denied plaintiff's motion against defendant Anthony D. Maresca; summary judgment granted to plaintiff dismissing defendant Anthony D. Maresca's counterclaim and declaring that said defendant is barred from recovery under the terms of the insurance policy issued by plaintiff for failure to submit to an examination under oath; and, as so modified, affirmed. Kane, J. P., Main, Casey, Yesawich, Jr., and Levine, JJ., concur.